Cite as 2015 Ark. 465

# SUPREME COURT OF ARKANSAS

No. CV–15–567

| | |
|---|---|
| CHARLES PHILYAW<br><br>APPELLANT<br><br>V.<br><br>WENDY KELLEY, DIRECTOR, ARKANSAS DEPARTMENT OF CORRECTION<br><br>APPELLEE | **Opinion Delivered** December 10, 2015<br><br>APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT [NO. 60CV-11-4433]<br><br>HONORABLE WENDELL GRIFFEN, JUDGE<br><br>AFFIRMED. |

**PAUL E. DANIELSON, Associate Justice**

Appellant Charles Philyaw appeals from the order of the Pulaski County Circuit Court denying his petition for writ of habeas corpus. He asserts that the circuit court erred in denying his petition based on his claims that (1) the trial court lacked jurisdiction to impose a sentence of life imprisonment based on a separate, uncharged offense of attempted capital murder; (2) the trial court lacked jurisdiction to sentence him to a term of life imprisonment when the State had waived life as a possible punishment in the charging information; and (3) his sentence to life imprisonment was in violation of the prohibition against cruel and unusual punishment. We affirm the circuit court's order.

Philyaw was charged with, tried, and convicted of aggravated robbery, stemming from the 1981 robbery in Miller County of the Cabana Liquor Store in Texarkana. He was sentenced to life in prison and a fine of $12,000. Due to a strange twist procedurally, this

court affirmed both his conviction and an order denying him postconviction relief pursuant to Arkansas Rule of Criminal Procedure 37 in the same opinion. *See Philyaw v. State*, 292 Ark. 24, 728 S.W.2d 150 (1987), *overruled by Thomas v. State*, 322 Ark. 670, 911 S.W.2d 259 (1995) (per curiam), to the extent that *Philyaw* held that an allegation of ineffective assistance of counsel for failing to raise the issue of sufficiency of the evidence could not be grounds for relief under Rule 37. Philyaw was further convicted of attempted capital murder for having pointed a gun at an arresting officer when he was apprehended in Hempstead County for the robbery in Miller County and was sentenced to twenty years' imprisonment; that conviction was reversed, however, because Philyaw "was neither represented by counsel nor knowingly waived his right to representation."[1] *Philyaw v. State*, 288 Ark. 237, 248, 704 S.W.2d 608, 613–14 (1986), *overruled by Oliver v. State*, 323 Ark. 743, 918 S.W.2d 690 (1996), to the extent it suggested that a denial-of-counsel claim may be raised in a Rule 37 petition. Most recently, we denied a petition by Philyaw to reinvest jurisdiction with the trial court so that he could proceed with a petition for writ of error coram nobis, as well as his motion seeking the appointment of counsel to represent him in the proceeding. *See Philyaw v. State*, 2014 Ark. 130 (per curiam).

We turn now to the instant appeal. Philyaw filed his petition for writ of habeas corpus asserting the aforementioned claims on September 14, 2011. The Attorney General, on behalf of Appellee, Wendy Kelley, the Director of the Arkansas Department of Correction ("the

---

[1]According to Philyaw's corrected statement of the case that was tendered to this court, the charge of attempted capital murder was eventually dismissed.

SLIP OPINION

ADC"),[2] filed a memorandum in opposition to Philyaw's petition on March 19, 2012. On March 30, 2015, the circuit court filed its order denying the petition.

In its order, the circuit court found that Philyaw's judgment-and-commitment order was plain on its face and that no indication was present that he had been sentenced to life imprisonment for any crime other than aggravated robbery. Additionally, the circuit court found that the charging document's recitation of punishment, or lack thereof, had no effect on the legality of Philyaw's sentence. With respect to Philyaw's third claim, the circuit court found that Philyaw's sentence to life imprisonment was within the range of punishment for aggravated robbery at the time Philyaw committed the offense. It further found that, to the extent that Philyaw claimed the trial court abused its discretion in failing to reduce his sentence, the circuit court lacked jurisdiction to answer the question. It is from this order that Philyaw now appeals.

For his first point on appeal, Philyaw argues that the circuit court erred in denying his claim that the trial court lacked jurisdiction to sentence him to life imprisonment on the separate, uncharged offense of attempted capital murder. Citing to trial testimony and the prosecutor's closing argument, which referenced the events of his apprehension in Hempstead County following the robbery, he submits that the "subsequent acts for which Appellant was not charged in Miller County cannot form the factual basis for a sentence on the charged offense of aggravated robbery." He contends that, because he was not charged with

---

[2]At the time of filing, Ray Hobbs was Director of the ADC.

SLIP OPINION

attempted capital murder in the Miller County information, he was tried and punished for a charge without formal accusation. In the absence thereof, he claims, the trial court acquired no jurisdiction, and his trial and conviction were nullities.

A writ of habeas corpus is proper when a judgment of conviction is invalid on its face or when a circuit court lacks jurisdiction over the cause. *See Noble v. Norris*, 368 Ark. 69, 243 S.W.3d 260 (2006). Unless a petitioner can show that the trial court lacked jurisdiction or that the commitment was invalid on its face, there is no basis for a finding that a writ of habeas corpus should issue. *See id.* The petitioner must plead either the facial invalidity or the lack of jurisdiction and make a "showing, by affidavit or other evidence, [of] probable cause to believe" that he or she is illegally detained. Ark. Code Ann. § 16–112–103(a)(1) (Repl. 2006). Moreover, a habeas proceeding does not afford a prisoner an opportunity to retry his or her case, and it is not a substitute for direct appeal or postconviction relief. *See Noble*, 368 Ark. 69, 243 S.W.3d 260. A hearing is not required if the petition does not allege either of the bases of relief proper in a habeas proceeding, and, even if a cognizable claim is made, the writ does not have to be issued unless probable cause is shown. *See id.* Lastly, an appeal is the proper procedure for the review of a circuit court's denial of a petition for a writ of habeas corpus. *See id.*

Here, Philyaw contends that the circuit court lacked jurisdiction to sentence him to life imprisonment for attempted capital murder when he was not charged with that offense, but only aggravated robbery. The judgment-and-commitment order in Philyaw's case, however, reflects that he was convicted solely for the offense of aggravated robbery in

4

violation of Arkansas Statutes Annotated § 41-2102. The face of the order simply gives no indication that Philyaw was in any way sentenced for attempted capital murder. Furthermore, to the extent that Philyaw takes issue with the admission of evidence or improper argument, claiming that it may have contributed to his sentence of life, such a challenge is not cognizable in a habeas proceeding. *See Craig v. Hobbs*, 2012 Ark. 218 (per curiam) (recognizing that the admissibility of evidence is a matter to be addressed at trial and on the record on direct appeal, not in a habeas proceeding). Accordingly, we hold that the circuit court did not err in denying Philyaw habeas relief on this basis.

Philyaw next argues that the circuit court erred in denying him habeas relief on his claim that the trial court lacked jurisdiction to sentence him to life when the State had waived life as a possible punishment in the information. He avers that the State's information failed to include life as a possible sentence for the charge of aggravated robbery, resulting in a waiver of the State's ability to pursue the maximum sentence. He claims that because the State had waived its right to seek a sentence of life if Philyaw was convicted, the trial court exceeded its jurisdiction when it imposed a life sentence after that waiver.

In Arkansas, sentencing is entirely a matter of statute, and this court has consistently held that sentencing shall not be other than in accordance with the statute in effect at the time of the commission of the crime. *See, e.g.*, *Hale v. Hobbs*, 2014 Ark. 405, 443 S.W.3d 533. When the law does not authorize the particular sentence pronounced by a circuit court, that sentence is unauthorized and illegal, and the case must be reversed and remanded. *See id.* In this case, the robbery at issue took place in May 1981, and Philyaw was convicted of

aggravated robbery in violation of Arkansas Statutes Annotated § 41-2102 (Supp. 1979). At the time of his offense, aggravated robbery was a Class A felony, punishable by a term of imprisonment "not less than five (5) years nor more than fifty (50) years, or life."[3] Ark. Stat. Ann. § 41-901(1)(a) (Repl. 1977). Philyaw was sentenced to life, which was a permitted sentence under the law at that time. Moreover, as Kelley correctly points out in her brief, Philyaw has cited this court to no authority for his proposition that an information must contain the relevant sentencing range to be sought or that the failure to include such a range results in the State's waiver of that sentence.[4]

Claims of a defective information that raise a jurisdictional issue, such as those that raise a claim of an illegal sentence, are cognizable in a habeas proceeding. *See Anderson v. Kelley*, 2015 Ark. 411, ___ S.W.3d ___ (per curiam). However, allegations of a defective information are not generally considered to be jurisdictional and are treated as trial error. *See id*. Assertions of trial error and due-process claims do not implicate the facial validity of the judgment or the jurisdiction of the trial court. *See Maxwell v. Hobbs*, 2013 Ark. 307 (per curiam). Because Philyaw's claim relating to the sentence set forth in the information fails to

---

[3]We note that, pursuant to Act 620 of 1981, aggravated robbery became a Class Y felony, punishable by a sentence of "not less than ten (10) years and not more than forty (40) years, or life." Ark. Stat. Ann. § 41-901(1)(a) (Supp. 1981); *see also* Ark. Stat. Ann. § 41-2102(2) (Supp. 1981). However, Act 620 contained no emergency clause and therefore did not become effective until June 17, 1981, well after the date of Philyaw's offense. *See* Op. Ark. Att'y Gen. No. 76 (1981).

[4]While Philyaw does cite this court to *Cathey v. State*, 351 Ark. 464, 95 S.W.3d 753 (2003), and *Fuller v. State*, 256 Ark. 998, 511 S.W.2d 474 (1974), both are inapposite. Neither stands for the proposition that the State necessarily waives a sentence if that sentence was not previously set forth in the information.

demonstrate either a lack of jurisdiction on the part of the trial court or the facial invalidity of his judgment-and-commitment order, we affirm the circuit court's denial of relief on this claim.

As his final point on appeal, Philyaw argues that the circuit court erred in denying his claim that his sentence to life imprisonment violated the prohibition against cruel and unusual punishment. He urges that his sentence of life imprisonment was the result of passion or prejudice, when he was an unarmed accomplice to the aggravated robbery and only drove the getaway car. He claims that it was the evidence relating to his pointing a gun at police when apprehended that instilled such passion in the jury's mind and resulted in his sentence. He further asserts that his sentence of life was so wholly disproportionate to the nature of the crime as to shock the moral sense of the community, especially since his accomplice is serving only a fifteen-year sentence.

As already set forth, Philyaw's sentence to life imprisonment was within the statutory range of punishment for the offense of aggravated robbery, and he does not dispute or challenge his sentence on the basis that it was outside the statutory limits. The constitutional prohibition against cruel and unusual punishment is directed toward the kind of punishment imposed, not its duration, and the fact that a punishment is severe does not make it cruel or unusual. *See Hinton v. State*, 260 Ark. 42, 537 S.W.2d 800 (1976). Indeed, we have held that the imposition of a maximum sentence for an offense is not cruel or unusual punishment. *See id*.

We have further held that we will not reduce or compare sentences that are imposed within the statutory limits. *See Dunlap v. State*, 303 Ark. 222, 795 S.W.2d 920 (1990). Unless the punishment is a barbarous one unknown to law or so wholly disproportionate to the nature of the offense as to shock the moral sense of the community, this court will not find that punishment authorized by statute is cruel or unusual. *See id.* We simply cannot say that Philyaw's sentence, which was authorized by statute and found appropriate by the jury that imposed it, is either.

For the foregoing reasons, we affirm the circuit court's order denying Philyaw's habeas petition.

Affirmed.

*J. Brooks Wiggins*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Brad Newman*, Ass't Att'y Gen., for appellee.