SLIP OPINION

Cite as 2017 Ark. 102

# SUPREME COURT OF ARKANSAS.

No. CV-16-929

| | |
|---|---|
| DEONTAE ANTONIO FULTON<br>APPELLANT | **Opinion Delivered** March 16, 2017 |
| V. | PRO SE APPEAL FROM THE CHICOT COUNTY CIRCUIT COURT<br>[NO. 09CV-16-70] |
| STATE OF ARKANSAS<br>APPELLEE | HONORABLE ROBERT BYNUM GIBSON, JR., JUDGE |
| | AFFIRMED. |

## PER CURIAM

In 2015, appellant Deontae Antonio Fulton was found guilty by a jury in the Pulaski County Circuit Court of first-degree murder and sentenced to 420 months' imprisonment. On direct appeal of the judgment, Fulton argued that the evidence was insufficient to sustain the judgment because Atarius Bishop, a witness for the State, was not credible and because he was an accomplice whose testimony was not corroborated. The Arkansas Court of Appeals affirmed. *Fulton v. State*, 2016 Ark. App. 28.

In 2016, Fulton, who is incarcerated at a unit of the Arkansas Department of Correction located in Chicot County, filed a pro se petition for writ of habeas corpus in the Chicot County Circuit Court. In the petition, Fulton contended that the trial court erred in finding that the evidence was sufficient to sustain the judgment. He argued, as he had done on direct appeal, that Atarius Bishop's testimony had not supported the guilty verdict. He also named other witnesses for the State that he contended gave testimony that did not

support the verdict. He concluded his petition with claims that he was not afforded effective assistance of counsel at trial.

The circuit court denied the petition without a hearing on the ground that Fulton had not stated a ground for the writ. Fulton, who remains incarcerated in Chicot County, brings this appeal.

A circuit court's decision on a petition for writ of habeas corpus will be upheld unless it is clearly erroneous. *Hobbs v. Gordon*, 2014 Ark. 225, at 5, 434 S.W.3d 364, 367. A decision is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been made. *Smith v. Kelley*, 2016 Ark. 307, at 2.

A writ of habeas corpus is proper when a judgment of conviction is invalid on its face or when a trial court lacks jurisdiction over the cause. *Philyaw v. Kelley*, 2015 Ark. 465, 477 S.W.3d 503. Under our statute, a petitioner for the writ who does not allege his actual innocence and proceed under Act 1780 of 2001 Acts of Arkansas must plead either the facial invalidity of the judgment or the lack of jurisdiction by the trial court and make a showing by affidavit or other evidence of probable cause to believe that he is illegally detained. Ark. Code Ann. § 16-112-103(a)(1) (Repl. 2016). Unless the petitioner in proceedings for a writ of habeas corpus can show that the trial court lacked jurisdiction or that the commitment was invalid on its face, there is no basis for a finding that a writ of habeas corpus should issue. *Russell v. Kelley*, 2016 Ark. 224; *Fields v. Hobbs*, 2013 Ark. 416.

Fulton concedes in his brief both that the Pulaski County Circuit Court had jurisdiction in his case and that the sufficiency of the evidence to sustain a judgment is not

a ground for the writ. He argues, nevertheless, that the writ should have been issued by the Chicot County Circuit Court to effect his release from custody on the grounds that the judgment was rendered invalid because the evidence was insufficient to support the verdict and because there were due-process violations at his trial. He further alleges that his trial counsel was ineffective. Fulton asserts that a miscarriage of justice will occur if this court does not reverse the circuit court's decision to deny the habeas petition.

We affirm the circuit court order because Fulton did not state a ground on which a writ of habeas corpus could be issued. Fulton offered nothing in his petition to demonstrate that the trial court did not have jurisdiction in his case, and he acknowledges that the issue of whether the evidence adduced at trial was sufficient to sustain the judgment is not a ground for the writ. This court has repeatedly held that challenges to the sufficiency of the evidence are due-process claims that are not cognizable in habeas proceedings. *Gardner v. Hobbs*, 2014 Ark. 346, 439 S.W.3d 663 (per curiam). A habeas proceeding does not afford a prisoner an opportunity to retry his or her case, and it does not provide an opportunity to reargue issues that have been, or could have been, settled on direct appeal. *Allen v. Kelley*, 2015 Ark. 490 (per curiam). As to the facial legality of the sentence imposed, Fulton did not contend that the sentence was not within the statutory range for the offense.

To the degree that Fulton challenged in his petition the correctness of the rulings made by the trial court at his trial, mere trial error would not act to deprive a court of jurisdiction to enter a legal judgment. *Thompson v. State*, 2016 Ark. 380, at 4 (per curiam), *reh'g denied* (Dec. 8, 2016); *Willis v. Hobbs*, 2011 Ark. 509, at 2 (per curiam). Any issues concerning due-process claims or the admissibility of evidence could have been raised by

Fulton at trial and are not within the purview of the writ. *Watson v. State*, 2014 Ark. 147 (per curiam) (holding that claims of a denial of petitioner's due-process rights and erroneous admission of evidence were allegations of trial error that were not grounds for habeas corpus relief).

Likewise, claims of ineffective assistance of counsel, which are properly raised under Arkansas Rule of Criminal Procedure 37.1 (2016), are not cognizable in habeas proceedings. *McConaughy v. Lockhart*, 310 Ark. 686, 840 S.W.2d 166 (1992). Such allegations must be raised under the Rule, and a habeas proceeding is not a substitute for filing a timely petition for postconviction relief. *Philyaw*, 2015 Ark. 465, 477 S.W.3d 503.

Finally, Fulton asserts in his brief that he was entitled to a hearing on his habeas petition. We find no error. This court has held that a hearing on a petition for writ of habeas corpus is not required if the petition does not allege either of the bases for relief proper in a habeas proceeding. *Id*. at 4, 477 S.W.3d at 506. If a petitioner in a habeas proceeding fails to raise a claim within the purview of a habeas action, the petitioner fails to meet his burden of demonstrating a basis for the writ to issue. *Allen v. Kelley*, 2016 Ark. 70, 482 S.W.3d 719 (per curiam). The circuit court was not obligated to conduct a hearing on Fulton's petition. *Brown v. Hobbs*, 2014 Ark. 267, at 2 (A hearing is not required if the petition does not allege either of the bases of relief proper in a habeas proceeding.).

Affirmed.

*Deontae Antonio Fulton*, pro se appellant.

*Leslie Rutledge*, Att'y Gen., by: *Pamela Rumpz*, Ass't Att'y Gen., for appellee.