SLIP OPINION

Cite as 2017 Ark. 200

# SUPREME COURT OF ARKANSAS
No. CV–17–33

| | |
|---|---|
| JACKIE LEE WILLIAMS<br><br>APPELLANT<br><br>V.<br><br>WENDY KELLEY, DIRECTOR,<br>ARKANSAS DEPARTMENT OF<br>CORRECTION<br><br>APPELLEE | **Opinion Delivered** JUNE 1, 2017<br><br>PRO SE APPEAL FROM THE<br>JEFFERSON COUNTY CIRCUIT<br>COURT [NO. 35CV-16-634]<br><br>HONORABLE JODI RAINES<br>DENNIS, JUDGE<br><br>AFFIRMED. |

## COURTNEY HUDSON GOODSON, Associate Justice

Appellant Jackie Lee Williams filed a pro se petition for writ of habeas corpus in the circuit court of the county where he was, and remains incarcerated in an Arkansas Department of Correction facility on consecutive sentences imposed on three convictions for rape. The circuit court dismissed the petition, and this appeal followed. We affirm.

In 1995, Williams was charged by information with three counts of rape, each involving a different occasion and a different victim, and the offenses were severed for trial. Williams was first tried and convicted by a jury on the second count in the information, and he received, as a habitual offender, a sentence of twenty-five years' imprisonment. The Arkansas Court of Appeals affirmed that judgment. *Williams v. State*, CR-96-725 (Ark. App. Apr. 2, 1997) (unpublished). This court affirmed the judgment convicting Williams on the third count of rape, for which he received a life sentence. *Williams v. State*, 331 Ark. 263, 962 S.W.2d 329 (1998). We also affirmed Williams's conviction and life sentence for

SLIP OPINION

the final charge, which was the first count of rape in the information. *Williams v. State*, CR-97-1499 (Ark. May 4, 2000) (unpublished).

Williams twice previously sought habeas relief, and in both instances, this court affirmed the denial of that relief. *Williams v. Norris*, CV-03-1401 (Ark. March 31, 2005) (unpublished per curiam); *Williams v. Norris*, CR-98-1027 (Ark. Jan. 20, 2000) (unpublished per curiam). Williams has also unsuccessfully pursued relief from the judgments through a petition to correct an illegal sentence under Arkansas Code Annotated section 16-90-111 (Repl. 2016), and this court affirmed the denial of that petition. *Williams v. State*, 2016 Ark. 16, 479 S.W.3d 544 (per curiam).

In his petition that is the subject of this appeal, Williams alleged that the trial court was without jurisdiction to impose two of the three sentences because the information was defective in including all three charges under the same case number, that he was denied fair trials, that his speedy-trial rights had been violated, and that his second and third trials violated the prohibition against double jeopardy. Williams reasserts these claims on appeal, contending that the circuit court erred in dismissing his petition.

On review, this court will not reverse the circuit court's decision granting or denying postconviction relief, including the grant or denial of a habeas petition, unless it is clearly erroneous. *Hobbs v. Gordon*, 2014 Ark. 225, at 4, 434 S.W.3d 364, 367. A finding is clearly erroneous when, although there is evidence to support it, the appellate court after reviewing the entire evidence is left with the definite and firm conviction that a mistake has been committed. *Id.*

A writ of habeas corpus is proper when a judgment of conviction is invalid on its face or when a circuit court lacks jurisdiction over the cause. *Philyaw v. Kelley*, 2015 Ark. 465, 477 S.W.3d 503. Under our statute, a petitioner for the writ who does not allege his actual innocence and proceed under Act 1780 of 2001 Acts of Arkansas must plead either the facial invalidity of the judgment or the lack of jurisdiction by the trial court and make a showing by affidavit or other evidence of probable cause to believe that he is being illegally detained. Ark. Code Ann. § 16-112-103(a)(1) (Repl. 2006). Unless the petitioner in proceedings for a writ of habeas corpus can show that the trial court lacked jurisdiction or that the commitment was invalid on its face, there is no basis for a finding that a writ of habeas corpus should issue. *Fields v. Hobbs*, 2013 Ark. 416. Williams did not invoke Act 1780, and he failed to make the requisite showing for the writ to issue.

Claims of a defective information that raise a jurisdictional issue, such as those that raise a claim of an illegal sentence, are cognizable in a habeas proceeding, but allegations of a defective information are not generally considered to be jurisdictional and are treated as trial error. *Philyaw*, 2015 Ark. 465, 477 S.W.3d 503. Assertions of trial error and due-process claims do not implicate the facial validity of the judgment or the jurisdiction of the trial court. *Id*. Williams contends that the information charging him with three separate rape charges did so in error, but joinder of offenses of the same or similar character is permitted under Arkansas Rule of Criminal Procedure 21.1(a) (2016). *Clay v. State*, 318 Ark. 550, 886 S.W.2d 608 (1994). Our liberal joinder rules are tempered by the severance rules, and Rule 22.2 provides an absolute right for severance in cases where offenses are joined solely because those offenses are of the same or similar character. Ark. R. Crim. P.

SLIP OPINION

22.2(a); *Turner v. State*, 2011 Ark. 111, 380 S.W.3d 400. Williams's claim that the failure to assign a different case number to the severed proceedings failed to provide him with adequate due process is the type of claim constituting trial error that must have been raised at trial and is not cognizable in habeas proceedings.

Speedy-trial issues are also not cognizable in habeas proceedings. *Davis v. State*, 2011 Ark. 6 (per curiam) (citing *Barker v. Wingo*, 407 U.S. 514 (1972), for the proposition that the right to a speedy trial may be waived). Allegations of speedy-trial violations are, like Williams's claim of a defective information, assertions of trial error that do not implicate the facial validity of the judgment or the jurisdiction of the trial court. *Poland v. Kelley*, 2015 Ark. 401 (per curiam).

Williams raised similar claims concerning a double-jeopardy violation in his petition to correct an illegal sentence, and as we held in that case, the type of claim that he makes concerning double jeopardy does not implicate the facial validity of the judgment and does not raise a jurisdictional issue. *Williams*, 2016 Ark. 16, at 3–4, 479 S.W.3d 544, 545–46. While some double-jeopardy claims are cognizable in habeas corpus proceedings, where the petitioner does not show that on the face of the commitment order there was an illegal sentence imposed, the claim does not implicate the jurisdiction of the court to hear the case, and the claim is not one that is cognizable. *Fields*, 2013 Ark. 416, at 2. Moreover, Williams's allegation of a double-jeopardy violation is inconsistent with his assertion that the three rapes were separate, unrelated offenses. There is no constitutional barrier to separate punishment for three distinct crimes. *Hinton v. State*, 2015 Ark. 479, 477 S.W.3d 517.

Williams failed to allege a basis for the circuit court to grant the writ, and he has demonstrated no clear error in the dismissal of his petition.

Affirmed.

*Jackie Lee Williams*, pro se appellant.

*Leslie Rutledge*, Att'y Gen., by: *Kathryn Henry*, Ass't Att'y Gen., for appellee.