RHONDA K. WOOD, Associate Justice
Appellant Tyrell Benson appeals the denial of his petition for writ of habeas corpus. As a juvenile, Benson committed multiple offenses resulting in multiple convictions and sentences. He alleges that one of his sentences exceeds his life expectancy without the opportunity for parole, resulting in a de facto life sentence in violation of Graham v. Florida , 560 U.S. 48, 130 S.Ct. 2011, 176 L.Ed.2d 825 (2010). We conclude that Benson is parole eligible; therefore, we do not speculate as to whether his sentence would violate Graham if he were not parole eligible. However, because Benson's judgment-and-commitment orders incorrectly state that he is ineligible for parole pursuant to Arkansas Code Annotated section 16-93-609, we reverse the denial of Benson's habeas petition, issue the writ, and remand to the sentencing court to correct the orders.
I. Background
When he was seventeen years old, Benson committed a series of criminal offenses. In January 2003, a Pulaski County Circuit Court jury convicted him of three counts of aggravated robbery, which he committed in March 2002. The trial court sentenced him to three consecutive ten-year sentences (60CR-02-2345).[1] In February 2003, a Pulaski County Circuit Court jury convicted him of two counts of a terroristic act, which he committed in March 2002. The circuit court sentenced him to two, thirty-year sentences to run concurrently with one another but consecutively to the thirty years he received on the aggravated-robbery charges (60CR-02-1695).[2] Finally, in March 2003, Benson entered a negotiated plea of guilty to rape and aggravated robbery, which he *329 committed in May 2002. He was sentenced to sixty years on each count to run concurrently with each other and with his previous sentences (60CR-02-1978). The February and March 2003 sentencing-and-commitment orders state that Benson is "not eligible for parole" pursuant to section 16-93-609, an enhancement statute.
In November 2016, Benson filed a pro se petition for writ of habeas corpus in the Jefferson County Circuit Court arguing that his sentences are cruel and unusual and unconstitutional under the Eighth and Fourteenth Amendments. Specifically, he alleged that his sixty-year sentence comprises a de facto life sentence, which the United States Supreme Court prohibits under Graham v. Florida , 560 U.S. 48, 130 S.Ct. 2011, 176 L.Ed.2d 825 (2010). In Graham , the Supreme Court held that the imposition of a life sentence without the benefit of parole eligibility on juveniles who commit nonhomicide offenses is unconstitutional. The circuit court denied Benson's petition, finding that his sentence does not violate the Eighth and Fourteenth Amendments under Graham . Benson appealed.
II. Standard of Review
A writ of habeas corpus is proper when a judgment of conviction is invalid on its face or when a trial court lacks jurisdiction over the cause. Philyaw v. Kelley , 2015 Ark. 465, 477 S.W.3d 503. Under our statute, a petitioner who does not allege his or her actual innocence must plead either the facial invalidity of the judgment or the lack of jurisdiction by the trial court and make a showing by affidavit or other evidence of probable cause to believe that the petitioner is being illegally detained. Ark. Code Ann. § 16-112-103(a)(1) (Repl. 2016). Unless the petitioner can show that the trial court lacked jurisdiction or that the judgment is facially invalid, there is no basis for a finding that a writ of habeas corpus should issue. Williams v. Kelley , 2017 Ark. 200, at 3, 521 S.W.3d 104, 106.
III. Analysis
On appeal, Benson argues that his sixty-year sentence without parole is unconstitutional because it exceeds his life expectancy. Benson's argument is premised on the fact that he must serve sixty-years' imprisonment and is ineligible for release until he is seventy-seven years old. He claims his life expectancy is seventy-three years. Benson's sentencing-and-commitment orders in case numbers 60CR-02-1695 and 60CR-02-1978 provide that Benson is ineligible for parole in accordance with Act 1805 of 2001, codified as Arkansas Code Annotated section 16-93-609. The State alleges that despite the notations on his sentencing orders, section 16-93-609 does not apply to Benson and that Benson is not serving a de facto life sentence because he is eligible for parole at age fifty-five pursuant to section 5-4-501(d)(1) and (d)(1)(C).[3] We agree with the State's argument that section 16-93-609 is inapplicable to Benson. However, because Benson's sentencing-and-commitment orders provide that section 16-93-609 applies to Benson, we conclude that the orders are invalid on their face, and we reverse the *330 denial of the petition for writ of habeas corpus.
Section 16-93-609 is a sentencing enhancement statute. It provides:
(a) Any person who commits murder in the first degree, § 5-10-102, rape, § 5-14-103, or aggravated robbery, § 5-12-103, subsequent to March 24, 1983, and who has previously been found guilty of or pleaded guilty or nolo contendere to murder in the first degree, § 5-10-102, rape, § 5-14-103, or aggravated robbery, § 5-12-103, shall not be eligible for release on parole by the Parole Board.
(b)(1) Any person who commits a violent felony offense or any felony sex offense subsequent to August 13, 2001, and who has previously been found guilty of or pleaded guilty or nolo contendere to any violent felony offense or any felony sex offense shall not be eligible for release on parole by the board.
Ark. Code Ann. § 16-93-609(a), (b)(1) (Repl. 2016) (emphasis added). When we read this statute in accordance with its plain language, we find that Benson is not subject to this statute.
First, when Benson committed the terroristic acts in March 2002, which were the bases for his convictions in case number 60CR-02-1695, he had not yet been found guilty of the aggravated robberies in case number 60CR-02-2345. Similarly, Benson committed rape and aggravated robbery in May 2002. However, he was not found guilty of the aggravated robberies in case number 60CR-02-2345 until January 2003 or of the terroristic acts in case number 60CR-02-1695 until February 2003. Consequently, Benson had not previously been found guilty of any violent felony or aggravated robbery in May 2002 when he committed rape and aggravated robbery in case number 60CR-02-1978, and he had not previously been found guilty of any violent felony or aggravated robbery in February 2002 when he committed the terroristic acts.
Therefore, we conclude that the sentencing-and-commitment orders in case number 60CR-02-1695 and in case number 60CR-02-1978 are facially invalid because they specifically state that Benson is ineligible for parole pursuant to section 16-93-609 ; even the State concedes that enhancement under section 16-93-609 is inapplicable to those sentences. We note that once the judgment and commitment orders are corrected so that they are no longer facially invalid, the judiciary has no further role in deciding how the executive branch calculates Benson's parole. Wheeler v. State , 2015 Ark. 233, 463 S.W.3d 678. While this court does not have jurisdiction over how parole eligibility is determined, we do have jurisdiction to correct a facially illegal sentence, including the improper application of an enhancement statute. Id. ; Williams v. Kelley , 2017 Ark. 200, 521 S.W.3d 104 ; see also Darrough v. Kelley , 2017 Ark. 314, 530 S.W.3d 332.
We reverse the circuit court's denial of Benson's petition for writ of habeas corpus and issue the writ of habeas corpus. We remand to the Pulaski County Circuit Court with instructions for the court to correct the judgment-and-commitment orders in case numbers 60CR-02-1695 and 60CR-02-1978 to reflect that Benson's sentences are not enhanced pursuant to Arkansas Code Annotated section 16-93-609.
Reversed; writ issued; remanded with instructions to the Pulaski County Circuit Court in case number 60CR-02-1695 and 60CR-02-1978.
Hart, J., concurs.
I concur. While it is true that Benson's confinement order is facially invalid for (at *331 least) the reasons stated in the majority opinion, and while it is true that this error should be corrected, its correction will not entirely resolve the issue being raised before this court: whether Benson's sentence (whatever it is) violates the requirements of Graham v. Florida , 560 U.S. 48, 130 S.Ct. 2011, 176 L.Ed.2d 825 (2010).
It would be imprudent to address whether Benson's sentence violates Graham at this juncture. While the parties disagree as to how this court should interpret Graham as a general matter, the parties also dispute the actual terms of the sentence Benson is currently serving. This issue was first raised in the State's brief, after Benson filed his opening brief, and indeed, it is apparent from the face of Benson's judgment-and-commitment order that his sentence was not imposed in accord with the laws of Arkansas. Benson's judgment-and-commitment orders incorrectly state that he is ineligible for parole pursuant to " Ark. Code Ann. § 16-93-609," as set forth in the majority opinion. Instead, the State asserts that Benson is subject to Ark. Code Ann. § 16-93-1302(f) (Repl. 2011), which would mean that Benson "may be considered eligible for parole or for community correction transfer upon reaching regular parole or transfer eligibility, but only after reaching a minimum age of fifty-five (55) years." Pursuant to this rationale, the State asserts that Benson is eligible for parole at age fifty-five (55), as opposed to age seventy-seven (77), as Benson's petition asserts.
The erroneous application of Ark. Code Ann. § 16-93-609 (Repl. 2016) alone renders Benson's confinement order facially invalid and therefore warrants issuance of the writ. Furthermore, the Graham question cannot be properly answered until Benson is provided a proper sentence in accord with any applicable laws that were in effect at the time of the underlying offenses. Accordingly, I concur with the majority's decision to remand this case to the sentencing court.

The Arkansas Court of Appeals affirmed. Benson v. State , No. CACR-03-477, 2004 WL 628860 (Ark. App. March 31, 2004) (unpublished).

The court of appeals affirmed, holding that Benson's sentences were subject to an enhancement pursuant to the "three strikes" provision of Arkansas Code Annotated section 5-4-501(d)(1) (Repl. 1997) (amended 2011) because he had been previously convicted of the three counts of aggravated robbery in his first case. Benson v. State , 86 Ark. App. 154, 164 S.W.3d 495 (2004).

Ark. Code Ann. sections 5-4-501(d)(1) and (d)(1)(C) provide for a sentencing range of thirty to sixty years for a Class B felony, with no parole eligibility, except as provided by Arkansas Code Annotated section 16-93-1302. Section 16-93-1302 provides that offenders sentenced under section 5-4-501(c) or (d)"may be considered eligible for parole ... upon reaching regular parole or transfer eligibility, but only after reaching a minimum age of fifty-five (55) years." Ark. Code Ann. section 16-93-1302(d) (Repl. 2006) (repealed 2011).