Cite as 2019 Ark. 284

# SUPREME COURT OF ARKANSAS

No. CV-19-74

| | | |
|---|---|---|
| LEONARD NOBLE | APPELLANT | **Opinion Delivered:** October 17, 2019 |
| V. | | PRO SE APPEAL FROM THE HOT SPRING COUNTY CIRCUIT COURT AND MOTION TO INCLUDE SUPPLEMENTAL ADDENDUM IN REPLY BRIEF [NO. 30CV-18-359] |
| STATE OF ARKANSAS | APPELLEE | HONORABLE CHRIS E WILLIAMS, JUDGE |
| | | AFFIRMED; MOTION MOOT. |

**RHONDA K. WOOD, Associate Justice**

Leonard Noble appeals the dismissal of his pro se petition for writ of habeas corpus filed pursuant to Arkansas Code Annotated section 16-112-101 (Repl. 2016). Noble raises two grounds for reversal—that the circuit court erred in declining to issue the writ based on the State's failure to afford Noble a speedy trial and by not holding an evidentiary hearing on his petition. Because Noble did not state a ground for the writ, we affirm the circuit court's order and find his subsequent motion seeking leave to file a supplemental addendum in his reply brief is moot.

In 1999, a Sebastian County Circuit Court jury found Noble guilty of residential burglary and rape and sentenced him as a habitual offender to an aggregate sentence of 900 months' imprisonment. The Arkansas Court of Appeals affirmed. *Noble v. State*, CR-00-

587 (Ark. App. Sept. 19, 2001) (unpublished) (original docket no. CACR 00–587). Noble filed the petition for writ of habeas corpus in the county where he is currently incarcerated.

A writ of habeas corpus is proper when a judgment of conviction is invalid on its face or when a circuit court lacks jurisdiction over the cause. *Philyaw v. Kelley*, 2015 Ark. 465, 477 S.W.3d 503. Jurisdiction is the power of the court to hear and determine the subject matter in controversy. *Baker v. Norris*, 369 Ark. 405, 255 S.W.3d 466 (2007). When the trial court has personal jurisdiction over the appellant and also has jurisdiction over the subject matter, the court has authority to render the judgment. *Johnson v. State*, 298 Ark. 479, 769 S.W.2d 3 (1989).

Under our statute, a petitioner for the writ who does not allege his actual innocence and proceed under Act 1780 of 2001 must plead either the facial invalidity of the judgment or the lack of jurisdiction by the trial court and make a showing by affidavit or other evidence of probable cause to believe that he is being illegally detained. Ark. Code Ann. § 16–112–103(a)(1) (Repl. 2016).

A circuit court's decision on a petition for writ of habeas corpus will be upheld unless it is clearly erroneous. *Hobbs v. Gordon*, 2014 Ark. 225, 434 S.W.3d 364. A decision is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been made. *Id*. The circuit court dismissed Noble's habeas petition on its merits; that is, it held that Noble had not been denied a speedy trial. The issue at hand, however, is whether Noble stated a ground for issuance of the writ. As he did not do so, the habeas petition was subject to dismissal by the circuit court, and this court will affirm the circuit court's decision

2

when it reached the right result even if a wrong reason may have been stated. *See Marshall v. State*, 2017 Ark. 208, at 5, 521 S.W.3d 456, 459.

This court has held that speedy-trial issues are not cognizable in habeas proceedings. *Williams v. Kelley*, 2017 Ark. 200, at 4, 521 S.W.3d 104, 107. Allegations of speedy-trial violations are assertions of trial error that do not implicate the facial validity of the judgment or the jurisdiction of the trial court. *Id.* If there were errors at trial, those issues could, and should, have been raised at trial and on the record on direct appeal and are thus not within the purview of the remedy because the writ of habeas corpus will not be issued to correct errors or irregularities that occurred at trial. *Stephenson v. Kelley*, 2018 Ark. 143, 544 S.W.3d 44.

Noble also contends that the circuit court should have held a hearing on his petition. Our statutory scheme does not mandate a hearing on a habeas petition regardless of the allegations contained in it. *Collier v. Kelley*, 2018 Ark. 170, at 4. A hearing is not required on a habeas petition when probable cause for issuance of the writ is not shown by affidavit or other evidence. *Id.* Because Noble failed to establish probable cause for issuance of the writ, he was not entitled to a hearing. *Johnson v. State*, 2018 Ark. 42, at 5, 538 S.W.3d 819, 822.

Affirmed; motion moot.

HART, J., dissents.

**JOSEPHINE LINKER HART, Justice, dissenting.** This is yet another case in which this court has impermissibly narrowed the grounds for relief under our state habeas corpus statute. This stance continues to perplex in light of the Supreme Court of the United States'

rejection of this limit on habeas corpus when it reversed *Jackson v. Norris*, 2011 Ark. 49, 378 S.W.3d 103 (*Jackson I*), in *Miller v. Alabama*, 567 U.S. 460 (2012)—the majority's analysis is no longer valid.

As in the case before us, this court in *Jackson I* disposed of Jackson's habeas petition stating, "Jackson has failed to allege or show that the original commitment was invalid on its face or that the original sentencing court lacked jurisdiction to enter the sentence. We hold that the circuit court's dismissal of the petition for writ of habeas corpus was not clearly erroneous." *Jackson I*, 2011 Ark. 49, at 5, 378 S.W.3d at 106. Inexplicably, this court continues to cite and rely on the same rationale that the Supreme Court of the United States has expressly rejected in habeas cases.

The Arkansas habeas statute states in pertinent part:

> The writ of habeas corpus shall be granted forthwith by any of the officers enumerated in § 16–112–102(a) to any person who shall apply for the writ by petition showing, by affidavit or other evidence, probable cause to believe he or she is detained without lawful authority, is imprisoned when by law he or she is entitled to bail, or who has alleged actual innocence of the offense or offenses for which the person was convicted.

Ark. Code Ann. § 16–112–103(a)(1) (Repl. 2016). I do not dispute the proposition in the boilerplate language found in the majority opinion that "[a] writ of habeas corpus is proper when a judgment of conviction is invalid on its face or when a circuit court lacks jurisdiction over the case." I only reject that those are the only two situations in which a writ of habeas should issue. Accordingly, I must dissent from the majority's disposition of this case based on this rationale.

I am further troubled that the majority purports to rely on *Williams v. Kelley*, 2017 Ark. 200, at 4, 521 S.W.3d 104, 107, for the proposition that this court has held that

4

speedy-trial issues are not cognizable in habeas proceedings. *Williams* does seem to so hold. However, *Williams* purports to rely on *Davis v. State*, 2011 Ark. 6 (per curiam), for the same proposition. *Davis* contains no such holding. While it is true that *Davis* does cite *Barker v. Wingo*, 407 U.S. 514 (1972), it only does so in a footnote. The footnote in *Davis* states:

> If there was a speedy trial issue to be raised, it could have been raised in the trial court. The right to a speedy trial may be waived. *See Barker v. Wingo*, 407 U.S. 514 (1972); *see also Eubanks v. Humphrey*, 334 Ark. 21, 972 S.W.2d 234 (1998).

*Davis*, 2011 Ark. 6, at 4 n.1. The *Wingo* Court's actual holding was not that speedy trial was not cognizable in habeas proceedings—*Wingo* is a habeas case—but rather that a petitioner's right to a speedy trial was not grounds for habeas relief even though five years had elapsed between arrest and trial and four of those years were attributable to the prosecution because Wingo *had waived* his right. There is no waiver of Mr. Noble's speedy-trial rights in the case before us. In fact, he vigorously contested it in the evidentiary hearing that was conducted in the circuit court. Like the *Wingo* Court, we should have addressed Mr. Noble's argument *on the merits*.

I am mindful that the common law is fluid, and the opinions of this court have the same effect on the common law as a stiff wind has on a stalk of wheat. However, the pronouncements of this court on habeas are constrained by the decisions of the Supreme Court of the United States and by the Arkansas Constitution. The Arkansas Constitution provides: "The privilege of the writ of habeas corpus shall not be suspended, except by the General Assembly, in case of rebellion, insurrection or invasion, when the public safety may require it." Ark. Const. art. 2, § 11. In my view, it behooves this court to follow either the Supreme Court or the Arkansas Constitution—preferably both.

5

I respectfully dissent.

*Leonard Noble*, pro se appellant.

*Leslie Rutledge*, Att'y Gen., by: *Brad Newman*, Ass't Att'y Gen., for appellee.