Cite as 2020 Ark. 290

# SUPREME COURT OF ARKANSAS

No. CV-19-828

| | |
|---|---|
| TYRUN L. JONES<br>APPELLANT<br><br>V.<br><br>WENDY KELLEY, DIRECTOR,<br>ARKANSAS DEPARTMENT OF<br>CORRECTION<br>APPELLEE | **Opinion Delivered:** September 24, 2020<br><br>PRO SE APPEAL FROM THE CHICOT<br>COUNTY CIRCUIT COURT<br>[NO. 09CV-19-87]<br><br>HONORABLE BYNUM R. GIBSON,<br>JUDGE<br><br>AFFIRMED. |

**ROBIN F. WYNNE, Associate Justice**

Appellant Tyrun L. Jones appeals the denial of his pro se petition for writ of habeas corpus filed in the county where he is incarcerated pursuant to Arkansas Code Annotated section 16-112-101 (Repl. 2016). Because Jones stated no ground in the petition on which the writ could issue, we affirm.

## I. *Background*

A Pulaski County Circuit Court jury convicted Jones of second-degree murder. The jury sentenced Jones to 300 months' imprisonment with a firearm enhancement of 180 months. The court of appeals affirmed the conviction and sentence. *Jones v. State*, 2017 Ark. App. 286, 524 S.W.3d 1. In the petition filed below, Jones alleged that the judgment of conviction does not reflect that his sentence was enhanced as a habitual offender by requiring Jones to serve 100 percent of his sentence in accordance with Arkansas Code

Annotated sections 5-4-501(d) (Repl. 2013) and 16-93-609 (Repl. 2006).[1]  Jones contended that because the judgment does not include the enhancement, the Arkansas Department of Correction's action in denying him parole contravenes the judgment and has rendered his sentence illegal.  Jones raises the same argument on appeal.

## II.  *Grounds for Issuance of the Writ*

A writ of habeas corpus is proper when a judgment and commitment order is invalid on its face or when a trial court lacked jurisdiction over the cause.  *Foreman v. State*, 2019 Ark. 108, 571 S.W.3d 484.  Jurisdiction is the power of the court to hear and determine the subject matter in controversy.  *Baker v. Norris*, 369 Ark. 405, 255 S.W.3d 466 (2007).  When the trial court has personal jurisdiction over the appellant and also has jurisdiction over the subject matter, the court has authority to render the judgment.  *Johnson v. State*, 298 Ark. 479, 769 S.W.2d 3 (1989).

A petitioner who does not allege his or her actual innocence and proceed under Act 1780 of 2001 must plead either the facial invalidity of the judgment or the lack of jurisdiction by the trial court and make a showing, by affidavit or other evidence, of probable cause to believe that he or she is being illegally detained.  Ark. Code Ann. § 16-112-103(a)(1) (Repl. 2016).  Proceedings for the writ are not intended to require an

---

[1]Arkansas Code Annotated section 16-93-609(b)(1) states in pertinent part that any person who commits a violent felony offense after August 13, 2001, and who has previously been found guilty of or pleaded guilty to any violent felony shall not be eligible for release on parole by the board.  Section 16-93-609(b)(2) states in pertinent part that a violent felony offense means those offenses listed in section 5-4-501(d)(2).  The offenses listed in section 5-4-501(b)(d)(2) include felony domestic battery.

extensive review of the record of the trial proceedings, and the circuit court's inquiry into the validity of the judgment is limited to the face of the commitment order. *McArthur v. State*, 2019 Ark. 220, 577 S.W.3d 385. Unless the petitioner can show that the trial court lacked jurisdiction or that the commitment order was invalid on its face, there is no basis for a finding that a writ of habeas corpus should issue. *Fields v. Hobbs*, 2013 Ark. 416.

### III. *Standard of Review*

A circuit court's decision on a petition for writ of habeas corpus will be upheld unless it is clearly erroneous. *Hobbs v. Gordon*, 2014 Ark. 225, 434 S.W.3d 364. A decision is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been made. *Id.*

### IV. *Claims for Relief*

In 2008, Jones pleaded guilty to first-degree domestic battery. As stated above, Jones contends that his subsequent judgment and conviction order for second-degree murder does not reflect an enhancement based on this prior violent felony offense such that he is required to serve 100 percent of his sentence. While Jones does not dispute that his sentence for second-degree murder is legal, he argues that the Arkansas Department of Correction has denied him parole without authority from the judgment entered by the sentencing court, and therefore his sentence is illegal.

While this court in *Benson v. Kelley*, 2018 Ark. 337, 561 S.W.3d 327, granted habeas relief to a petitioner who was denied parole based on prior felony convictions, the facts

presented in that case are distinguishable. In *Benson*, the judgment and conviction order reflected that Benson had been convicted of prior felonies and was subject to the enhancement set forth in sections 16-93-609 and 5-4-501. However, this court found that that Benson's enhanced sentences were based on prior felonies that he had been charged with but not yet convicted of. *Id.* Therefore, this court found that the sentences were illegal. Here, although the judgment and conviction order does not reflect that Jones was subject to the enhancement making him ineligible for parole, Jones was convicted of a prior violent felony that is listed in section 5-4-501 before he was convicted of second-degree murder. A review of Jones's direct-appeal record reveals that Jones's prior felony judgment and conviction order was introduced into evidence at the sentencing phase of his trial and that the trial court instructed the jury that Jones would not be eligible for parole.[2]

An order or a judgment nunc pro tunc may be entered upon proof that such order or judgment was made and not entered, and such fact may be proven by oral evidence or written memoranda like any other fact might be proven. *Ainsworth v. State*, 367 Ark. 353, 240 S.W.3d 105 (2006). Here, the evidence demonstrates that Jones was, in fact, sentenced in accordance with the enhancements set forth in sections 16-93-609 and 5-4-501. The failure to so indicate on the judgment was mere clerical error, and a clerical error in the judgment does not render the enhanced sentence illegal. It is well settled in Arkansas that a court of record has the authority to enter nunc pro tunc judgments to

---

[2]This court may take judicial notice in postconviction proceedings of the record on direct appeal without need to supplement the record. *Williams v. State*, 2019 Ark. 289, 586 S.W.3d 148.

cause the record to speak the truth, whether in criminal or civil cases. *Id.* Pursuant to Rule 60(b) of the Arkansas Rules of Civil Procedure, a circuit court may at any time correct clerical mistakes in judgments, decrees, orders, or other parts of the record and errors therein arising from oversight or omission. *Lewis v. State*, 2017 Ark. 211, 521 S.W.3d 466. Because the judgment may be corrected at any time by the trial court to reflect that Jones was not eligible for parole, Jones has failed to demonstrate that he is entitled to habeas relief on the basis of his allegation that his enhanced sentence is illegal.

Affirmed.

HART, J., dissents.

**JOSEPHINE LINKER HART, Justice, dissenting.** I dissent. Even if it is true that Jones's conviction for second-degree murder was eligible for the sentencing enhancement, the enhancement is not reflected on his judgment and commitment order. We cannot leave it to the parole board to read into a judge's order what it does not so reflect. The majority notes that a judgment nunc pro tunc may be entered upon proof that such order or judgment was made and not entered, but there is no indication that has been done in this case. This presents a separation-of-powers problem: the parole board, a creature of the executive branch, is acting as the judiciary branch--reading and interpreting judicial decrees without a mechanism for review. We should not allow this.

I dissent.

*Tyrun L. Jones*, pro se appellant.

*Leslie Rutledge*, Att'y Gen., by: *Karen Virginia Wallace*, Ass't Att'y Gen., for appellee.