Cite as 2020 Ark. 317

# SUPREME COURT OF ARKANSAS

No. CV-20-13

| | |
|---|---|
| DARRYL TALLEY<br>APPELLANT<br><br>V.<br><br>WENDY KELLEY, DIRECTOR,<br>ARKANSAS DEPARTMENT OF<br>CORRECTION<br>APPELLEE | **Opinion Delivered:** October 8, 2020<br><br>PRO SE APPEAL FROM THE<br>JEFFERSON COUNTY CIRCUIT<br>COURT<br>[NO. 35CV-19-266]<br><br>HONORABLE JODI RAINES DENNIS,<br>JUDGE<br><br><u>AFFIRMED</u>. |

**SHAWN A. WOMACK, Associate Justice**

Darryl Talley appeals the denial and dismissal of his pro se petition for writ of habeas corpus. He argues the trial court lacked jurisdiction because he was tried in violation of his right to a speedy trial. Because Talley failed to state a ground for the writ, we affirm.

Following a 2016 bench trial in Pulaski County, Talley was convicted of aggravated robbery, theft of property, and employment of a firearm to commit aggravated robbery. He was sentenced to an aggregate 168 months' imprisonment. Talley was initially charged in 2011, but his convictions arose from an amended information filed in 2013. On direct appeal, he claimed the trial court improperly denied his request to represent himself at trial. *See Talley v. State*, 2017 Ark. App. 550, 533 S.W.3d 95. In its decision affirming the convictions, the Arkansas Court of Appeals observed:

> From the outset and continuing through the pendency of this case, [Talley]
> repeatedly displayed an intent to delay and frustrate the orderly and effective

administration of justice. As early as his arrest in October 2011, he claimed to be a "sovereign citizen" and refused to provide any identifying information. For more than four years, and throughout the entire pretrial process, he manipulated both his right to counsel and his right to self-representation in order to delay and obstruct the procedures of the trial court.

*Id.* at 17, 533 S.W.3d at 106.[1]

In 2019, Talley filed the underlying habeas petition under Arkansas Code Annotated sections 16-112-101 to -123 (Repl. 2016). His petition was filed in the county where he is currently incarcerated. In the petition, Talley alleged that his conviction is invalid because he was not afforded a speedy trial. The circuit court denied and dismissed the petition because speedy trial claims are not cognizable in habeas proceedings. This appeal followed.

We will not reverse a decision denying postconviction relief, including the denial of a habeas petition, unless it is clearly erroneous. *See Hobbs v. Gordon*, 2014 Ark. 225, at 5, 434 S.W.3d 364, 376. A decision is clearly erroneous when, although there is evidence to support it, the appellate court after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been made. *Id.*

A writ of habeas corpus is proper when a judgment of conviction is invalid on its face or when the trial court lacks jurisdiction over the cause. *See Philyaw v. Kelley*, 2015 Ark. 465, at 4, 477 S.W.3d 503, 505. A petitioner who does not allege actual innocence and proceed under Act 1780 of 2001 must plead either the facial invalidity of the judgment or the lack of jurisdiction by the trial court. *See* Ark. Code Ann. § 16-112-103(a)(1). The petitioner must

---

[1]The court of appeals also remanded the case for the limited purpose of allowing the trial court to correct clerical errors in the sentencing order.

2

make a showing by affidavit or other evidence of probable cause to believe that he is being illegally detained. *Id.* Jurisdiction is the power of the court to hear and determine the subject matter in controversy. *See Noble v. State*, 2019 Ark. 284, at 2, 585 S.W.3d 671, 673. When the trial court has personal jurisdiction over the subject matter, the court has authority to render the judgment. *Id.*

Talley claims the circuit court failed to recognize that a speedy trial violation deprives the trial court of jurisdiction. He is mistaken. Speedy trial claims do not raise a question of jurisdiction. *See Thompson v. State*, 2016 Ark. 333, at 5, 499 S.W.3d 645, 651 (per curiam). Moreover, we have previously held that speedy trial issues are not cognizable in habeas proceedings. *See Noble*, 2019 Ark. 284, at 3, 585 S.W.3d at 673. Allegations of speedy trial violations are assertions of trial error that do not implicate the facial validity of the judgment or the jurisdiction of the trial court. *Id.* If there were any errors at trial, those issues should have been raised at trial and on the record on direct appeal. *Id.* Talley's asserted speedy trial errors are accordingly not within the purview of habeas because the writ will not be issued to correct errors or irregularities that occurred at trial. *Id.* We also reject Talley's suggestion that the circuit court's order granting him leave to proceed in forma pauperis supports issuing the writ. *See Anderson v. Kelley*, 2020 Ark. 197, at 6, 600 S.W.3d 544, 548 (order granting in forma pauperis status "is not tantamount to issuance of the writ").

In sum, Talley failed to demonstrate that the trial court lacked jurisdiction or that the judgment of conviction was invalid on its face. Because speedy trial claims do not state a

viable habeas claim, the circuit court's denial and dismissal of Talley's habeas petition was not clearly erroneous.

Affirmed.

HART, J., dissents.

**JOSEPHINE LINKER HART, Justice, dissenting.** I am mindful that this court has previously proclaimed that speedy-trial issues are not "cognizable" in habeas proceedings. *See Noble v. State*, 2019 Ark. 284, at 3, 585 S.W.3d 671, 673. However, blithely saying so and disposing of a case on that basis grossly overestimates the efficacy of such a pronouncement. As I noted in the dissent in *Noble*, this court does not have the authority to overrule precedent from the Supreme Court of the United States or rewrite the Arkansas Constitution. I dissent from today's opinion for those same reasons.

I do not concede that the majority's supposed statement of the law is complete or even correct when it states, "A writ of habeas corpus is *proper* when a judgment of conviction is invalid on its face or when the trial court lacks jurisdiction over the cause." However, I cannot ignore that speedy trial does indeed implicate the jurisdiction of the circuit court to hear a criminal case. Rule 28(d) of the Arkansas Rules of Criminal Procedure authorizes a criminal defendant to pursue a writ of certiorari if a circuit court wrongly denies his or her motion to dismiss for want of a speedy trial. As this court said in *Zimmerman v. Circuit Court of Miller County*, 2018 Ark. 264, at 3, 555 S.W.3d 406, 407, for a writ of certiorari to issue, "there can be no other adequate remedy but for the writ of certiorari," and "(1) it is apparent on the face of the record that there has been a plain, manifest, clear, and gross abuse of

4

discretion, or (2) there is a *lack of jurisdiction, an act in excess of jurisdiction* on the face of the record, or the proceedings are erroneous on the face of the record." (Emphasis added.) Of course speedy trial is a jurisdictional issue, otherwise, like other "trial error," it would not support a writ of certiorari because it can be appealed.

This case should be reversed and remanded to the circuit court to consider Mr. Talley's speedy-trial issue. The circuit court never even considered it because it concluded that it did not sound in habeas. I would correct this misunderstanding.

I dissent.

*Darryl Talley*, pro se appellant.

*Leslie Rutledge*, Att'y Gen., by: *Michael Zangari*, Ass't Att'y Gen., for appellee.