Cite as 2021 Ark. 212

# SUPREME COURT OF ARKANSAS

**No.** CV–21–147

| | |
|---|---|
| JACKIE L. WILLIAMS<br><br>APPELLANT<br><br>V.<br><br>DEXTER PAYNE, DIRECTOR, ARKANSAS DEPARTMENT OF CORRECTION<br><br>APPELLEE | **Opinion Delivered:** November 12, 2021<br><br>PRO SE APPEAL FROM THE JEFFERSON COUNTY CIRCUIT COURT<br>[NO. 35CV-20-670]<br><br>HONORABLE JODI RAINES DENNIS, JUDGE<br><br>AFFIRMED. |

**SHAWN A. WOMACK, Associate Justice**

Appellant Jackie L. Williams appeals the circuit court's dismissal of his fourth pro se petition for a writ of habeas corpus. Williams, who is incarcerated in the county where he filed his petition, alleged that he was charged by information with three separate counts of rape under the same docket number but was wrongfully tried in three separate trials. Williams contends that, following his first trial and conviction for rape, the circuit court lacked jurisdiction to convict him of the remaining counts of rape. According to Williams, after the first conviction, his sentence had been executed, and the court lost jurisdiction to modify or amend the original sentence. Williams claims that once he filed the notice of appeal for his first conviction, the circuit court did not have jurisdiction to proceed with the other trials. Williams further contended that his conviction of three counts of rape in separate trials violated the prohibition against double jeopardy. We are unpersuaded by Williams's claims and affirm the circuit court's dismissal of his petition.

I. *Background*

Williams raped three women in 1994 and was later charged with three separate counts of rape. The three charges were severed and tried separately. A jury convicted Williams of rape on count two, and he was sentenced as a habitual offender to twenty-five years' or 300 months' imprisonment. The Arkansas Court of Appeals affirmed. *Williams v. State*, CR-96-725 (Ark. App. Apr. 2, 1997) (unpublished). Shortly thereafter, another jury convicted Williams of rape for count three, and he was sentenced as a habitual offender to life imprisonment. We affirmed that conviction on January 29, 1998. *Williams v. State*, 331 Ark. 263, 962 S.W.2d 329 (1998). In his final trial on count one, a jury again found Williams guilty of rape, he was sentenced to life imprisonment as a habitual offender, and a sentence was imposed for all three counts to run consecutively, which we upheld. *Williams v. State*, CR-97-1499 (Ark. May 4, 2000) (unpublished per curiam).

Williams subsequently filed three claims for habeas relief, all of which the circuit court denied. This court affirmed those denials on appeal.[1] Williams raised a double jeopardy claim in his third habeas petition, but we concluded that Williams's claim was not cognizable in a habeas proceeding because it did not implicate the facial validity of the judgment. *Williams v. Kelley*, 2017 Ark. 200, 521 S.W.3d 104. Moreover, we determined that the double jeopardy claim was inconsistent with Williams's assertion that the three rapes were

---

[1]The citations to the first two habeas petitions wherein this court affirmed the denial of that relief are as follows: *Williams v. Norris*, CV-03-1401 (Ark. March 31, 2005) (unpublished per curiam); *Williams v. Norris*, CR-98-1027 (Ark. Jan. 20, 2000) (unpublished per curiam).

separate, unrelated offenses—it is not unconstitutional to impose separate punishments for three distinct crimes. *Id.*

## II. *Standard of Review*

We will uphold a circuit court's decision on a petition for writ of habeas corpus unless it is clearly erroneous. *Hobbs v. Gordon*, 2014 Ark. 225, 434 S.W.3d 364. A decision is clearly erroneous when, although there is evidence to support it, the appellate court is left with the definite and firm conviction that the circuit court made a mistake. *Id.*

## III. *Nature of the Writ*

A writ of habeas corpus is proper when a conviction is invalid on its face or when a circuit court lacks jurisdiction over the cause. *Philyaw v. Kelley*, 2015 Ark. 465, 477 S.W.3d 503. A circuit court has subject–matter jurisdiction to hear and determine cases involving violations of criminal statutes. *Baker v. Norris*, 369 Ark. 405, 255 S.W.3d 466 (2007). A habeas petitioner who does not allege his actual innocence under Act 1780 of 2001 must plead either the facial invalidity of the judgment or the lack of jurisdiction by the circuit court and make a showing, by affidavit or other evidence, of probable cause to believe that the petitioner is being illegally detained. Ark. Code Ann. § 16-112-103(a)(1) (Repl. 2016). Unless the petitioner can show that the circuit court lacked jurisdiction or that the commitment order was invalid on its face, there is no basis for relief under a writ of habeas corpus. *Fields v. Hobbs*, 2013 Ark. 416.

## IV. *Claims for Relief*

Williams contended both in the circuit court and on appeal that he was erroneously charged by a "multiplicity information" that contained separate charges under a single

3

docket number. But the charges were severed, and the granting of a motion for severance does not bar a subsequent trial of that defendant on the severed offenses. *See* Ark. R. Crim. P. 22.1(d) (1995). Williams cites no authority for his argument that separate charges stemming from a single information void both the conviction and the sentences when the charges are subsequently severed and tried separately. This court will not consider an argument if the appellant makes no convincing argument or fails to cite authority to support it. *Rea v. Kelley*, 2019 Ark. 339, 588 S.W.3d 715.

Williams's reliance on *Nelson v. State* for the proposition that the circuit court loses jurisdiction to modify the executed sentence once the execution of the sentence has begun is unavailing. 284 Ark. 156, 680 S.W.2d 91 (1984). *Nelson* and other analogous cases concern a single sentence for a single offense and are not applicable to separate convictions and sentences for three separate offenses. Furthermore, Williams cites no authority for his contention that the circuit court lost jurisdiction to conduct trials for separate offenses after he appealed his first conviction to the court of appeals. *Rea*, 2019 Ark. 339, 588 S.W.3d 715. Williams fails to demonstrate that the circuit court lacked jurisdiction to hear and determine cases that involved separate offense for the crimes of rape. *Baker*, 369 Ark. 405, 255 S.W.3d 466.

As this court interprets it, the abuse-of-the-writ doctrine[2] bars a petitioner from raising the same arguments that he has raised in previous petitions, without pleading additional facts to support his argument. *Anderson v. Payne*, 2021 Ark. 44. Repeating the

---

[2]This is not the original understanding of the term, which concerns the failure to raise arguments in prior petitions. What this court calls the "abuse-of-the-writ doctrine," is more commonly known as the "successive-writ doctrine."

same claim represents an abuse of the writ, and a circuit court does not clearly err when it denies such claims. *Id.* As stated above, Williams raised the same double jeopardy claim in his third petition for habeas relief, which this court rejected. *Williams*, 2017 Ark. 200, 521 S.W.3d 104. Williams's double jeopardy claim in his current habeas petition is an abuse of the writ, and the circuit court properly denied and dismissed it.

Affirmed.

*Jackie L. Williams*, pro se appellant.

*Leslie Rutledge*, Att'y Gen., by: *Adam Jackson*, Ass't Att'y Gen., for appellee.