Johnson, C. J. This Ivas an action of debt, by attachment, instituted in the Benton Circuit Court by plaintiffs in error against the defendant. The defendant interposed his plea of non est factum, upon which issue was taken. The issue thus formed was submitted to a jury, Whose verdict was in favor of the plea. The case is now brought into this court by a writ of error for reversal and the causes assigned for error are: first, that the jury found contrary to the law and the evidence; and second, that they found against the instructions of the court. The plaintiff to sustain die issue on his part, after reading the instrument sued upon, purporting to have been signed by the defendant, produced two witnesses, both of whom testified that they rvere acquainted with the hand-Avriting of the defendant, and that they believed that the signature and the Avhole body of the instrument were in his hand-writing. They then introduced two letters, from the defendant to one of the plaintiffs, in each of which he virtually acknowledges the debt, but insists upon having the writ discontinued upon the ground of his utter inability to pay it. This evidence, ■ though not positive against the truth of the plea, is certainly as strong as circumstances could make it. We cannot conceive how a jury sworn to decide according to the testimony could have arrived at any other conclusion than that the defendant actually executed the instrument upon which the suit was founded. See 8 Gill & Johnson,page 517. The court instructed the jury, that if they were satisfied that the writing sued on had a scrawl at the end of the name with the letters “L. S.” it was sufficient to warrant them in finding it to be a writing obligatory, but that if they were not satisfied that it was a scrawl with the letters “L. S.” and that the defendant did not intend to adopt it as his seal, they would find for the defendant. The jury from this instruction, were fully warranted in believing that the letters “L. S.” were essential to constitute a seal, and that unless they were found upon the instrument they should find for the defendant. Those letters are not essential under our Statute to constitute a seal, or to render a scrawl equivalent to a seal. We think from an examination of the whole case, it is clear that the court below ought to have granted a new trial. Judgment reversed.