Billy WHITEHEAD *v.* STATE of Arkansas

93-1259                                        873 S.W.2d 800

Supreme Court of Arkansas
Opinion delivered April 11, 1994

564

*Ogles Law Firm*, by: *John Ogles*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Vada Berger*, Asst. Att'y Gen., for appellee.

TOM GLAZE, Justice. On August 24, 1992, the Cabot Municipal Court issued an arrest warrant for appellant Billy Whitehead, who was sixteen years old. The warrant was based upon an affidavit by Janet Stanley, who averred Whitehead had raped Stanley's fourteen-year-old daughter on May 29, 1992, at a vacant house located behind a residence where both teenagers had attended a party.[1] On November 10, 1992, the municipal court conducted a probable cause hearing and bound Whitehead's case over to the Lonoke County Circuit Court for further proceedings; however, the state has never filed an information or indictment in circuit court, specifying any felony charge against Whitehead.[2] Nonetheless, the circuit court acted on Whitehead's motion to transfer his case to juvenile court, and denied it on July 19, 1993. Pursuant to Ark. Code Ann.

---

[1]Curiously, the Stanley affidavit was captioned "In the Chancery Court Juvenile Division of Lonoke County, Arkansas —Affidavit for Petition for the Following Person: Billy Whitehead."

[2]Whitehead filed a motion to dismiss, but no ruling was obtained.

§ 9-27-318(h) (Repl. 1993), Whitehead brings this interlocutory appeal and contends the court erred in denying his transfer motion. He also argues he has never been properly charged by information or indictment, so the state's case should be dismissed.

■ Whitehead correctly points out that felony charges in circuit court are required to be brought by indictment or information. *State* v. *Pulaski County Circuit-Chancery Court*, 316 Ark. 473, 872 S.W.2d 854 ( 1994); *Long* v. *State*, 284 Ark. 21, 680 S.W.2d 686 (1984). In *Rhoades* v. *State*, 315 Ark. 662-A, 875 S.W.2d 814 (1994) (1994), we made it clear that, under Ark. Code Ann. § 9-27-313(b) (Repl. 1993), an officer taking a juvenile into custody must immediately take the juvenile before the court out of which the warrant was issued and that court shall decide whether jurisdiction is in juvenile court or circuit court under § 9-27-318. Then, under Ark. Code Ann. § 9-27-318(d) (Repl. 1993), the judge of the court in which a delinquency petition or criminal charges have been filed shall conduct a hearing to determine whether to retain jurisdiction or to transfer the case to another court having jurisdiction.

■ As pointed out above, the state never filed a felony charge by information or indictment against Whitehead, thus the circuit court had no authority to conduct a hearing under § 9-27-318(d). In addition, it is fundamental, established law that a party cannot be found guilty of a crime with which he or she was never charged. *Davis* v. *State*, 296 Ark. 524, 758 S.W.2d 706 (1988); *Brewer* v. *State*, 286 Ark. 1, 688 S.W.2d 736 (1985). Until a proper charging instrument (information or indictment) is filed by the state in this matter, the circuit court simply had no authority to proceed, much less rule on a transfer motion under § 3-27-318.[3]

■ In conclusion, we note the state's argument that Whitehead filed this interlocutory appeal under § 9-27-318(h)

---

[3]The necessity of a charging instrument, before allowing the state to proceed against an accused, seems fundamental, but an information's significance here is further heightened by this court's prior holdings that a criminal information alone may be a sufficient basis for a circuit court's decision to refuse to transfer a case to juvenile court. *See Walker* v. *State*, 304 Ark. 393, 803 S.W.2d 502 (1991).

to obtain a ruling that the circuit court erred in denying his transfer motion and that Whitehead is limited only to those issues expressly permitted under that statute. This court, of course, has the discretion to treat an appeal from an order, judgment or decree which lacks judicial support as if it were brought up on certiorari, *Dennison* v. *Mobley, Chancellor,* 257 Ark. 216, 515 S.W.2d 215 (1974). Certiorari lies to correct proceedings erroneous on the face of the record where there is no other adequate remedy, and the writ is available to us in the exercise of superintending control over a tribunal which is proceeding illegally where no other mode of review has been provided. *Lupo* v. *Lineberger,* 313 Ark. 315, 855 S.W.2d 293 (1993). Certiorari, however, may only be resorted to in cases where an excess of jurisdiction is apparent on the face of the record. *Id.* That is the situation before us now.

■ . The circuit court certainly has subject matter jurisdiction over criminal charges, but as discussed above, the record clearly reflects (and the state does not dispute) that no felony charge has, as yet, been properly filed against Whitehead. That being so, the circuit court's order denying transfer of this cause is a nullity and must therefore be quashed.

Writ granted.