STATE of Arkansas *v.* PULASKI COUNTY CIRCUIT COURT

96-1286                                938 S.W.2d 815

Supreme Court of Arkansas
Opinion delivered February 10, 1997

[Petition for rehearing denied March 17, 1997.]

*Winston Bryant*, Att'y Gen., by: *Kelly K. Hill*, Deputy Att'y Gen., for appellant.

*James, Yeatman & Carter, PLC*, by: *Paul J. James* and *Steve W. Haralson*, for appellee.

PER CURIAM. The State seeks rehearing, stating that it agrees with this court that the circuit court could exercise superintending control over the municipal court's setting bail in this cause. However, it suggests that this court did not properly address whether the circuit court possessed such authority, absent any filing having been made to initiate the circuit court's jurisdiction to reduce the bail, established earlier by the municipal court. In reviewing the limited record given to us in this case, it is readily apparent that the State had never been served with any petition or motion notifying it that a bond hearing would be held in this matter in circuit court. For this reason, the deputy prosecutor objected to the trial court's jurisdiction and its proceeding below, as is shown by the following colloquy:

> State:   Your Honor, is this a bond hearing?

> Court:   Yes. Yes.

> State:   At this point, I'd have to respectfully object to the court considering bond *on the basis of jurisdiction*. It's my understanding that *there's not been anything filed in this court*. He's been before a judge previously and had an opportunity with a lawyer to address his bond. It's currently set at twenty-five thousand dollars. Now, if this was filed in this court, I —

Court: Well, the only reason the court's taking an interest in this is because of the age of this young man, sixteen years old, sitting up in the jail while the file is on somebody's desk.

State: *I understand the court's concern, Your Honor. But I don't think it is properly before this court at this time.*

Court: Well, a circuit judge can set a bond on it, as you know . . . because right now it's simply in limbo. (Emphasis added.)

As is reflected in the foregoing colloquy, the State never questioned whether the circuit court had superintending authority over the municipal court, but instead argued the bond issue was not properly before the circuit court since nothing had been filed with the court. Nonetheless, the respondent's argument dealt only with whether the circuit court had authority to decrease the amount of bond once the bond had been set by the municipal court.

■ In our opinion handed down on December 16, 1996, we thoroughly agreed with respondent's counsel, and held the circuit judge had superintending power over a municipal court's bail bond decisions. We failed, however, to answer the issue concerning whether the circuit court could exercise such authority without first filing a motion, petition, or other pleading. We do so now, and conclude that, if a defendant seeks relief from a bond established by an inferior court, the defendant must first commence his or her action by filing a pleading with the clerk of the superintending court. *See* Rules 3 and 4 of the Arkansas Rules of Civil Procedure.[1] To decide otherwise would foster *ex parte* communications with judges and encourage forum shopping.

■■ In conclusion, we reaffirm our decision herein that a circuit court has superintending power over a municipal court's setting of bail bonds, but in addition, we must hold the circuit court erred by failing to require the defendant to commence his bond-reduction request by filing an appropriate pleading with the

---

[1] We in no way mean to limit other remedies, if appropriate, such as filing a petition for writ of habeas corpus. In any event, the defendant must first file the petition with the clerk of the proper court. Because this case involved only a bond-reduction issue, defendant was required first to file his motion or petition with the circuit clerk's office, which then would have assigned the matter to the proper circuit court division.

court's clerk. Accordingly, we grant the State's petition for writ of prohibition because the bond-reduction issue herein was not properly filed with the circuit court. Nevertheless, the parties are left with the direction that the circuit court below does have superintending power to proceed in this matter upon the parties' correctly initiating that court's jurisdiction by filing an appropriate pleading.

CORBIN, BROWN, and THORNTON, JJ., would deny.

ROBERT L. BROWN, Justice. This case grew out of the arrest of David Barnard Batts, age 16, for the unlawful discharge of a firearm from a vehicle. On July 17, 1996, Sherwood Municipal Court fixed bond at $25,000 and bound Batts's case over to Pulaski County Circuit Court. The case languished in this "bound over" status for two months. No criminal charges were filed by the prosecuting attorney in circuit court, and Batts remained in the county jail.

On September 16, 1996, Pulaski County Circuit Judge Marion Humphrey was contacted by Batts's parents who complained their son should be in school and not in jail. Judge Humphrey notified the prosecuting attorney's office that he would hold a hearing on the status of the case for the following day. In our initial opinion, we stated what occurred at that hearing:

> The deputy prosecutor then objected to the bond hearing because charges had not been filed in circuit court. The court admonished the prosecutor to "move these [cases] along," and the court reduced the bail to $7,500.

*State v. Pulaski County Circuit Court*, 326 Ark. 886, 889, 934 S.W.2d 915, 916 (1996). In our initial opinion, we denied the State's petition for prohibition and certiorari on the basis that the circuit court had superintending control over municipal courts and could reduce the amount of bail, even though criminal charges had yet to be filed.

The State now has petitioned for rehearing and contests our initial decision for the reason that a circuit court's superintending control over municipal courts does not arise until charges are filed in circuit court. The State's essential theory is that the case of

*Whitehead v. State*, 316 Ark. 563, 873 S.W.2d 800 (1994), thwarts the circuit court's authority to reduce bail in this case, and that case was not sufficiently distinguished in our initial opinion.

The *per curiam* opinion handed down today grants the State's petition for rehearing and further grants the writ of prohibition, which has the effect of precluding the Pulaski County Circuit Court from acting in this case until a petition to reduce bail is filed. Today's *per curiam* opinion, however, appears to agree with the initial opinion of this court that the circuit court had superintending authority to reduce bail, even though criminal charges had not been filed. What renders the circuit court wholly without jurisdiction, according to the new opinion, is the failure of Batts or his guardian to file a written petition to reduce the bail. The express menace sought to be corrected is forum-shopping and ex parte communications with circuit judges.

Because the opinion today grants rehearing on a point mentioned only in passing in the State's petition for rehearing — failure of Batts to file a petition to reduce bail — I am fearful that Pulaski County Circuit Court has not had adequate opportunity to address this point. The State's cornerstone argument has always been that it is the failure to file charges that renders the circuit court unable to act. Moreover, I do not read the position of the State to be that the mere filing of a petition to reduce bail, without the filing of criminal charges, confers jurisdiction in the circuit court.

Finally, on the merits, the precise statute on bail applications does appear to permit oral applications in circuit court when the circuit court is not convened:

> (a) If the defendant is committed to jail, and the application for bail is made to a magistrate, or judge of the circuit court during vacation, it must be by written petition, signed by the defendant or his counsel, briefly stating the offense for which he is committed and naming the persons offered as surety.
>
> (b) In all other cases, the application may be made orally to the court or magistrate.

Ark. Code Ann. § 16-84-113 (Supp. 1995).

Again, the core issue in this case was whether the circuit court obtained jurisdiction to reduce bail when criminal charges had not been filed. We held that the circuit court had the power to do so in this case. Should forum-shopping become an issue in a later case, we can address it. I would deny rehearing.

CORBIN and THORNTON, JJ., join.