COURTNEY HUDSON GOODSON, Associate Justice
Appellant Michael Lee Anderson appeals the dismissal of his petition for writ of habeas corpus. Anderson argues on appeal, as he did in his petition, that he is being illegally detained because he was not personally charged in an original felony information; instead, his name was added to an amendment to the felony information that originally charged only his brother Myron with the offenses of which Anderson was later convicted. We find no error and affirm the order.
I. Background
In 2007, Anderson, who was tried jointly with Myron, was found guilty of five counts of committing a terroristic act and one count of possession of a firearm by certain persons. He was sentenced to an aggregate term of 1320 months' imprisonment. The Arkansas Court of Appeals affirmed. Anderson v. State , 2010 Ark. App. 177, 2010 WL 653846. On January 24, 2018, Anderson filed in the Jefferson County Circuit Court, which is located in the county where he is incarcerated, the petition for writ of habeas corpus that is the subject of this appeal.
II. Grounds for Issuance of the Writ
A writ of habeas corpus is proper when a judgment of conviction is invalid on its face or when a circuit court lacks jurisdiction over the cause. Philyaw v. Kelley , 2015 Ark. 465, 477 S.W.3d 503. Jurisdiction is the power of the court to hear and determine the subject matter in controversy. Baker v. Norris , 369 Ark. 405, 255 S.W.3d 466 (2007). Under our statute, a petitioner for the writ who does not allege his actual innocence and proceed under Act 1780 of 2001 must plead either the facial invalidity of the judgment or the lack of jurisdiction by the trial court and make a showing by affidavit or other evidence of probable cause to believe that he is being illegally detained. Id. ; Ark. Code Ann. § 16-112-103(a)(1) (Repl. 2016). Unless the petitioner can show that the trial court lacked jurisdiction or that the commitment *518 was invalid on its face, there is no basis for a finding that a writ of habeas corpus should issue. Fields v. Hobbs , 2013 Ark. 416, 2013 WL 5775566.
III. Standard of Review
A circuit court's decision on a petition for writ of habeas corpus will be upheld unless it is clearly erroneous. Hobbs v. Gordon , 2014 Ark. 225, 434 S.W.3d 364. A decision is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been made. Id.
IV. Legality of Judgment of Conviction
As stated, Anderson argues that the trial court lacked personal jurisdiction in his case because he was charged in an amendment to the information originally filed in his brother Myron's case rather than by an original information filed in his individual case and assigned an individual docket number. He contends that the lack of jurisdiction rendered the judgment in his case invalid on its face, and therefore, the writ should issue to effect his release from custody. The original information charging Myron was filed in the Ashley County Circuit Court on November 30, 2006, and assigned docket number CR-2006-197-4. On December 28, 2006, an amended information was filed that added Anderson's name. The amended information bore the docket number CR-2006-197-4 A & B. (Anderson was designated defendant "B.")
Claims of a defective information that raise a valid jurisdictional issue are cognizable in a habeas proceeding. Philyaw , 2015 Ark. 465, 477 S.W.3d 503. However, allegations of a defective information that do not raise such a claim are not generally considered jurisdictional and are, accordingly, treated as trial error. Id. See Williams v. Kelley , 2017 Ark. 200, 521 S.W.3d 104 (claim that the failure to assign a different case number to severed criminal proceedings failed to provide defendant with adequate due process is the type of claim constituting trial error that must have been raised at trial and is not cognizable in habeas proceedings).
Here, Anderson did not allege that the amended felony information that charged him was defective in that it failed to apprise him of the charges against him. Because his allegation did not rest on an assertion of trial error and a lack of due process based on a flaw in the information, Anderson's argument that he was never charged with the offenses would, if established, be a ground for the writ.
Anderson's argument that he was never charged fails because he did not establish that the trial court lacked jurisdiction to enter the judgment of conviction merely because he was charged in an amendment to the felony information that charged Myron. A circuit court has subject-matter jurisdiction to hear and determine cases involving violations of criminal statutes. Love v. Kelley , 2018 Ark. 206, 548 S.W.3d 145. Regarding personal jurisdiction, the commission of the offenses by Anderson in Ashley County subjected him to being charged and prosecuted in that county. When the trial court had personal jurisdiction over the appellant and also had jurisdiction over the subject matter, the court had authority to render the particular judgment. Johnson v. State , 298 Ark. 479, 769 S.W.2d 3 (1989). In short, charging Michael Anderson in an amendment to the information charging Myron did not deprive the trial court of either subject-matter or personal jurisdiction.
In his habeas petition, Anderson relied as authority for his argument on *519 Whitehead v. State , 316 Ark. 563, 873 S.W.2d 800 (1994), and State v. Pulaski County Circuit Court , 327 Ark. 287, 938 S.W.2d 815 (1997) (per curiam). In Whitehead , this court held that the circuit court did not have jurisdiction to rule on a motion to transfer a matter to juvenile court because no information or indictment had been filed charging the defendant with an offense. 316 Ark. 563, 873 S.W.2d 800. Anderson, however, was charged in the amended felony information with the offenses. In Pulaski County Circuit Court , we held that if a defendant seeks relief in a circuit court from a bond established by a lower court, the defendant must first commence his or her action by filing a pleading with the clerk of the superintending circuit court. 327 Ark. 287, 938 S.W.2d 815. Neither case stands for the argument posited by Anderson that the judgment in his case was illegal on its face because he was never charged with a criminal offense because he was charged in a joint amended information.
Affirmed.
Hart, J., concurs.
Josephine Linker Hart, Justice, concurring.
I agree that the circuit court did not clearly err in denying Mr. Anderson's habeas petition. It is readily apparent that he was properly charged and that the amended information satisfied due process. I wright separately, however, I wish to distance myself from the all-too-familiar dicta that suggests that the writ of habeas corpus is an extremely narrow remedy.
Under Arkansas Code Annotated section 16-112-103(a)(1), the writ is available to any person who has demonstrated that there is "probable cause to believe he or she is detained without lawful authority, is imprisoned when by law he or she is entitled to bail, or who has alleged actual innocence of the offense or offenses for which the person was convicted." In my view, the boiler-plate dicta that the majority has included in its opinion, to wit, "Unless the petitioner can show that the trial court lacked jurisdiction or that the commitment was invalid on its face, there is no basis for a finding that a writ of habeas corpus should issue," grossly understates the situations in which the writ may be appropriate. Detention without lawful authority is not a concept that can be folded into a neat little box, as suggested by the majority and as stated in innumerable cases that summarily dispose of habeas appeals filed by pro se inmates. In truth, the circumstances constituting unlawful detention are limited only by man's imagination when it is applied to the time-honored pursuit of man's inhumanity to man.
I concur.