Cite as 2021 Ark. 94

# SUPREME COURT OF ARKANSAS

No. CV-20-288

| | |
|---|---|
| LARRY OSBORN<br><br>APPELLANT<br><br>V.<br><br>DEXTER PAYNE, DIRECTOR,<br>ARKANSAS DEPARTMENT OF<br>CORRECTION<br><br>APPELLEE | **Opinion Delivered:** April 29, 2021<br><br>PRO SE APPEAL FROM THE<br>JEFFERSON COUNTY CIRCUIT<br>COURT; PRO SE MOTION TO<br>EXPAND THE RECORD AND<br>DESIGNATION OF RECORD ON<br>APPEAL<br>[NO. 35CV-20-68]<br><br>HONORABLE JODI RAINES DENNIS,<br>JUDGE<br><br>AFFIRMED; MOTION DENIED. |

**COURTNEY RAE HUDSON, Associate Justice**

Appellant Larry Osborn appeals from the denial and dismissal of a petition for writ of habeas corpus that he filed pursuant to Arkansas Code Annotated section 16-112-101 (Repl. 2016). Osborn essentially contends that his sentence is invalid because it was illegally enhanced when the jury wrongly considered two underlying convictions to determine his habitual–offender status.[1] Osborn failed to state a basis for issuance of the writ, and we affirm the decision of the circuit court and deny the motion to expand the record.

Osborn was convicted of a 1996 aggravated robbery and sentenced to life imprisonment as a habitual offender, and this court affirmed.[2] *Osborn v. State*, 340 Ark. 444, 11 S.W.3d 528

---

[1]Osborn also seeks to expand the record in this appeal to include the transcript and various pleadings from the proceedings of the two underlying convictions.

[2]Following entry of the judgment, Osborn moved for a new trial, contending three jurors had been misled by the prosecutor's closing argument regarding Osborn's criminal record. The trial court heard testimony on the point and set aside the sentence, granting Osborn a new

(2000). Osborn's prior felony convictions were (1) theft by receiving, (2) aggravated robbery, (3) burglary and theft of property, and (4) breaking and entering. *See State v. Osborn*, 337 Ark. 172, 988 S.W.2d 485 (1999). Two of the convictions used to enhance Osborn's sentence—aggravated robbery and theft by receiving—are from a 1979 judgment.

Osborn filed his petition for a writ of habeas corpus on January 22, 2020. A writ of habeas corpus is proper when a judgment and commitment order is invalid on its face or when a trial court lacked jurisdiction over the cause. *Foreman v. State*, 2019 Ark. 108, 571 S.W.3d 484. Jurisdiction is the power of the court to hear and determine the subject matter in controversy. *Baker v. Norris*, 369 Ark. 405, 255 S.W.3d 466 (2007). When the trial court has personal jurisdiction over the appellant and also has jurisdiction over the subject matter, the court has authority to render the judgment. *Johnson v. State*, 298 Ark. 479, 769 S.W.2d 3 (1989).

A petitioner who does not allege his or her actual innocence and proceed under Act 1780 of 2001 must plead either the facial invalidity of the judgment or the lack of jurisdiction by the trial court and make a showing, by affidavit or other evidence, of probable cause to believe that he or she is being illegally detained. Ark. Code Ann. § 16–112–103(a)(1) (Repl. 2016). Proceedings for the writ are not intended to require an extensive review of the record of the trial proceedings, and the circuit court's inquiry into the validity of the judgment is limited to the face of the commitment order. *Jones v. Kelley*, 2020 Ark. 290. Unless the petitioner can show that the trial court lacked jurisdiction or that the commitment order was invalid on its face, there is no basis for a finding that a writ of habeas corpus should issue. *Fields v. Hobbs*, 2013 Ark. 416.

_____

sentencing trial. The State appealed the grant of new trial, and this court reversed and ordered that the original sentence be reinstated. *Osborn*, 337 Ark. 172, 988 S.W.2d 485.

A circuit court's decision on a petition for a writ of habeas corpus will be upheld unless it is clearly erroneous. *Hobbs v. Gordon*, 2014 Ark. 225, 434 S.W.3d 364. A decision is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been made. *Ratliff v. Kelley*, 2018 Ark. 105, 541 S.W.3d 408.

As he did below, Osborn contends that the trial court's failure to hold a hearing in 1977 regarding whether he should have been charged as an adult violated his right to due process and renders his sentence in the present matter invalid.[3] Osborn specifically contends that the jury wrongly considered two prior convictions for his habitual-offender status; that those two prior convictions occurred when he was juvenile; and that he was not afforded a juvenile-waiver hearing or judicial hearing concerning his juvenile status, which violated his right to due process. According to Osborn, this alleged due-process violation calls into question the jurisdiction of the trial court with respect to the underlying convictions and demonstrates a fundamental miscarriage of justice.[4] Osborn cannot challenge the underlying convictions because for purposes of a sentence enhancement, a conviction is final when the judgment is pronounced. *Birchett v. State*, 291 Ark. 379, 724 S.W.2d 492 (1987). Nor does a later invalidation of an underlying sentence result in invalidation of the judgment. *Halfacre v. State*, 292 Ark. 331, 731 S.W.2d 179 (1987). The relief would be to modify the sentence—not to void the sentence.

---

[3]Osborn argued in his petition below that trial counsel was ineffective for failing to raise the issue; however, he does not renew the argument on appeal and has thus abandoned it. *Anderson v. State*, 2011 Ark. 461, 385 S.W.3d 214. Moreover, claims of ineffective assistance of counsel are not cognizable in habeas proceedings. *Watson v. Kelley*, 2019 Ark. 147.

[4]Although Osborn cursorily references a claim for "actual innocence" on appeal, he made no such claim below, nor is a claim such as that raised by Osborn cognizable on appeal. *See Young v. Kelley*, 2020 Ark. 84 (noting that claims of actual innocence are effectively attacks on the evidence and are thus due process claims that are not cognizable in habeas proceedings).

3

Moreover, Osborn's sentence of life imprisonment for aggravated robbery is well within the statutory range for a Class Y felony under Arkansas Code Annotated section 5-4-401(a) (Repl. 1997)[5]—regardless of whether the sentence was enhanced. *See Philyaw v. Kelley*, 2015 Ark. 465, 477 S.W.3d 503 (stating that Philyaw's sentence was within the statutory range): *Garrison v. Kelley*, 2018 Ark. 8, 534 S.W.3d 136 (noting that Garrison did not dispute the sentencing range or that his sentence was outside the statutory limit). Osborn did not challenge the sentencing range or contend that his sentence was outside the statutory limit for the aggravated-robbery conviction. As a result, even if imposed in error, the sentence would not have required modification because it fell within the sentencing range for the charge. Osborn's argument that enhancement of the sentence was illegal fails.

Affirmed; motion denied.

Special Justice HELEN BROWN joins in this opinion.

WEBB, J., not participating.

*Larry Osborn*, pro se appellant.

*Leslie Rutledge*, Att'y Gen., by: *Rebecca Kane*, Ass't Att'y Gen., for appellee.

---

[5]Aggravated robbery is a Class Y felony pursuant to Arkansas Code Annotated section 5-12-103 (Repl. 1997) and is punishable by a sentence not less than ten years and not more than forty years, or life.