Cite as 2022 Ark. 122

# SUPREME COURT OF ARKANSAS

No. CV–21–270

|  |  |
|---|---|
| CHARLES E. GOODWIN | **Opinion Delivered:** June 2, 2022 |
| APPELLANT | |
| | PRO SE APPEAL FROM THE LEE COUNTY CIRCUIT COURT |
| V. | [NO. 39CV-21-33] |
| | |
| DEXTER PAYNE, DIRECTOR, ARKANSAS DEPARTMENT OF CORRECTION | HONORABLE DANNY GLOVER, JUDGE |
| APPELLEE | AFFIRMED. |

**RHONDA K. WOOD, Associate Justice**

Charles E. Goodwin appeals the circuit court's denial of his pro se petition for writ of habeas corpus. Goodwin alleged in the petition that he was actually innocent. Goodwin also raised multiple allegations of due-process violations and trial error. The circuit court denied the claims based on Goodwin's failure to establish probable cause for issuance of the writ. We affirm because Goodwin failed to state a cognizable claim for habeas relief.

In 2007, a jury convicted Goodwin of attempted capital-felony murder with aggravated robbery as the underlying felony offense. Goodwin was sentenced as a habitual offender to life imprisonment. We affirmed on direct appeal. *Goodwin v. State*, 373 Ark. 53, 281 S.W.3d 258 (2008). The evidence adduced at trial showed that Goodwin entered a clothing store, robbed it, and attempted to murder the store's owner, Betty Word. *Id.* The inculpatory evidence included Word's testimony, testimony from another witness who was present when Goodwin entered the store, and Goodwin's taped confession. *Id.*

This court will uphold a circuit court's decision on a petition for writ of habeas corpus unless it is clearly erroneous. *Hobbs v. Gordon*, 2014 Ark. 225, 434 S.W.3d 364. A writ of habeas corpus is proper when a judgment of conviction is invalid on its face or when a trial court lacks jurisdiction over the cause. *Philyaw v. Kelley*, 2015 Ark. 465, 477 S.W.3d 503. A petitioner for the writ who alleges his or her actual innocence must proceed under Act 1780 of 2001 and demonstrate entitlement to scientific testing to prove actual innocence. *See* Ark. Code Ann. § 16-112-202 (Repl. 2016). Otherwise, the petitioner must plead either the facial invalidity of the judgment or the lack of jurisdiction by the trial court and make a showing by affidavit or other evidence of probable cause to believe that the petitioner is being illegally detained. Ark. Code Ann. § 16-112-103(a)(1).

Goodwin alleged that he was innocent because insufficient evidence supported his conviction, and he reasserts this claim on appeal.[1] Goodwin also urges this court to broaden habeas relief. But this court's long-standing interpretation of the statute remains the law—a habeas inquiry is limited to the face of the commitment order and is not a means to challenge the sufficiency of the evidence. *Leach v. Kelley*, 2020 Ark. 200, at 4, 600 S.W.3d 568, 570. This claim is unsuccessful.

Goodwin also made a conclusory claim that his right to due process was violated. However, he fails to specifically describe any violation in his appellate argument. In any

---

[1]On appeal, Goodwin did not reassert the multiple due-process and trial-error claims raised in his petition. These claims included, among other claims, allegations of a denial of a fair and impartial jury, ineffective assistance of trial and appellate counsel, erroneous admission of inflammatory evidence, a coerced confession, and a violation of the prohibition against double jeopardy. Those claims raised in the circuit court and not reasserted on appeal have been abandoned. *Owens v. Payne*, 2020 Ark. 413, 612 S.W.3d 169.

event, assertions of trial error and due-process violations do not implicate the facial validity of the judgment or the jurisdiction of the trial court and are not cognizable in habeas proceedings. *Philyaw v. Kelley*, 2015 Ark. 465, at 6, 477 S.W.3d 503, 507. The circuit court did not clearly err when it denied Goodwin's petition for failure to demonstrate probable cause for issuance of the writ.

Affirmed.

*Charles A. Goodwin*, pro se appellant.

*Leslie Rutledge*, Att'y Gen., by: *Rebecca Kane*, Ass't Att'y Gen., for appellee.