Cite as 2023 Ark. 2

# SUPREME COURT OF ARKANSAS
No. CV–22–340

| | | |
|---|---|---|
| | | **Opinion Delivered:** January 26, 2023 |
| JAMIE DARNELL LEE | APPELLANT | APPEAL FROM THE LINCOLN COUNTY CIRCUIT COURT [NO. 40CV-22-21] |
| V. | | |
| DEXTER PAYNE, DIRECTOR, ARKANSAS DEPARTMENT OF CORRECTION | APPELLEE | HONORABLE JODI RAINES DENNIS, JUDGE AFFIRMED. |

**RHONDA K. WOOD, Associate Justice**

Jamie Darnell Lee appeals the denial of his petition for writ of habeas corpus. Lee's petition alleged that the trial court lacked personal jurisdiction over him because the State did not name him as the defendant in the body of the criminal information. Because this omission did not impact the court's personal jurisdiction over him, we affirm.

Lee is serving a life sentence for capital murder plus four consecutive twenty-year sentences for first-degree-battery convictions. We affirmed Lee's convictions on direct appeal. *Lee v. State*, 340 Ark. 504, 11 S.W.3d 553 (2000). Over twenty years later, Lee filed this petition for writ of habeas corpus with the Lincoln County Circuit Court. Lee alleged in his petition that he was not named in the body of the criminal information, and the document did not identify him as the defendant. He argued that this failure prevented the trial court from obtaining personal jurisdiction over him, violated state law, and violated his state and federal constitutional due-process rights. The circuit court denied the petition for writ of habeas corpus.

We will affirm a circuit court's decision on a petition for writ of habeas corpus unless it is clearly erroneous. *Goodwin v. Payne*, 2022 Ark. 122. A writ of habeas corpus is proper when a judgment of the conviction is invalid on its face or when a trial court lacks jurisdiction over the cause. *Id*. A petitioner who does not allege actual innocence must plead either the facial invalidity of the judgment or lack of jurisdiction by the trial court with an affidavit or other probable-cause evidence showing that the petitioner is being illegally detained. *Id*. Generally, habeas relief is not granted for defects in an information. *See Fuller/Akbar v. Payne*, 2021 Ark. 155, 628 S.W.3d 366; *Anderson v. Kelley*, 2019 Ark. 6, 564 S.W.3d 516.

Lee argues that the trial court lacked personal jurisdiction because the information was defective. We have been clear that "[a]n allegation of a defective information that does not implicate the legality of the sentence is not a jurisdictional issue and is treated as trial error." *Fuller/Akbar*, 2021 Ark. 155, at 5, 628 S.W.3d at 369. Although Lee frames the alleged defects in the information as an issue of personal jurisdiction, it is the commission of the offenses in Miller County that gives a court personal jurisdiction over a defendant for the charges and prosecution. *See generally Anderson*, 2019 Ark. 6, at 4, 564 S.W.3d at 518. The failure to name Lee in the body of the information did not deprive the trial court of personal jurisdiction over him. *Moore v. Hobbs*, 2010 Ark. 380, at 2 ("Even if there was an error at trial in the amended information, the error would not take away the court's personal or subject-matter jurisdiction."). And because the trial court had personal and subject-matter jurisdiction over him, it could render the judgment. Thus, the circuit court was correct to deny habeas relief on this ground.

Lee additionally claims that the State failed to comply with specific statutory requirements of the indictment, including Ark. Code Ann. § 16–85–403 (Repl. 2005), and that the defects in the information violated his due-process rights and protection from double jeopardy. Lee's identification was not wholly absent from the information. He was named in the case caption and was listed at the bottom of each page. Stapled to the information was his "Final Disposition of Charge Report" with his essential information. It listed Lee's date of birth, sex, race, height, weight, hair and eye colors, and that he was also known as "Squirrel."

But Lee's statutory and constitutional claims do not raise jurisdictional issues that entitle him to habeas relief. The proper time to raise these issues is prior to or during trial. *Anderson v. Kelley*, 2015 Ark. 411, 473 S.W.3d 537 (due-process claims insufficient to implicate validity of the judgment for habeas relief). We therefore do not address the merits of these claims. We affirm the denial of Lee's petition for writ of habeas corpus.

Affirmed.

*James & Carter, PLC*, by: *Matt Stauffer*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Rachel Kemp*, Sr. Ass't Att'y Gen., for appellee.