Cite as 2023 Ark. 99

# SUPREME COURT OF ARKANSAS
No. CV-22-662

|  |  |
|---|---|
| | **Opinion Delivered:** June 8, 2023 |
| LAQUINCE T. HOGAN<br>APPELLANT | |
| V. | APPEAL FROM THE HOT SPRING<br>COUNTY CIRCUIT COURT<br>[NO. 30CV-21-278] |
| DEXTER PAYNE, DIRECTOR,<br>ARKANSAS DIVISION OF<br>CORRECTION<br>APPELLEE | HONORABLE CHRIS E WILLIAMS,<br>JUDGE |
| | AFFIRMED. |

**COURTNEY RAE HUDSON, Associate Justice**

Appellant, Laquince Hogan, appeals the denial of his petition for writ of habeas corpus filed in the county where he is incarcerated pursuant to Arkansas Code Annotated sections 16-112-101 to -123 (Repl. 2016). For reversal, Hogan argues that (1) his 125-year prison sentence is illegal because it is not authorized by the subsection of the habitual-offender statute that the State referenced when it orally amended the information, and (2) to the extent the amendment sought to identify a different subsection of the habitual-offender statute, it was too vague to suffice as an amendment at all. We affirm.

On August 5, 2008, police officers searched a residence on East Cowling Street in Ashdown and found marijuana, cocaine, and scales. Hogan was outside with a group of

about eight to ten people who scattered when officers arrived. Police seized more than $4,000 from Hogan's person. Hogan was charged with possession of crack cocaine with intent to deliver, in violation of Arkansas Code Annotated section 5-64-401 (Supp. 2007).[1] At that time, the base sentencing range for that offense was ten to forty years, or life imprisonment. Ark. Code Ann. § 5-64-401(a)(1)(A)(i). Hogan was not initially charged as a habitual offender. However, at a May 26, 2009 hearing, the Little River County Circuit Court allowed the State to orally amend the information to charge Hogan as a "large" habitual offender with four or more prior offenses. Hogan's attorney said that he had "seen the certified judgments, so we have no objection." Under Arkansas's habitual-offender statute, Hogan was therefore subject to a sentencing range of ten years to life in prison. *See* Ark. Code Ann. § 5-4-501(b)(1), (2)(A).

Hogan's charges were discussed again on the first day of Hogan's June 3–4, 2009 trial. The court asked if there were any amendments to the charges. The State responded "It's the big habitual. Class Y. It's the big habitual, ten to 60 to life." After the trial, the jury convicted Hogan of possession of cocaine with intent to deliver. At sentencing, the court instructed the jury that Hogan had previously been convicted of eight felonies and was subject to an extended term of imprisonment of not less than ten years nor more than life imprisonment.

---

[1]Hogan was also convicted of possession of marijuana. Neither his conviction nor his one-year sentence for that offense are at issue in this appeal.

CV-22-662

The jury verdict form provided for a sentencing range of ten years to life imprisonment, in accordance with section 5-4-501(b).

The jury sentenced Hogan as a habitual offender to a total of 125 years' imprisonment. The court of appeals affirmed on direct appeal. *Hogan v. State*, 2010 Ark. App. 434. We affirmed the denial of Hogan's petition for postconviction relief pursuant to Ark. R. Crim. P. 37.1. *Hogan v. State*, 2013 Ark. 223. Hogan's federal habeas petition was also denied. *Hogan v. Kelley*, 826 F.3d 1025 (8th Cir. 2016). Additionally, Hogan filed a petition to correct an illegal sentence that the Little River County Circuit Court denied on August 6, 2013. *State v. Hogan*, No. CR-2008-54-1.

On September 22, 2021, Hogan filed a petition for writ of habeas corpus in the Hot Spring County Circuit Court.[2] He argued that the State's oral amendment charged him, at most, as a habitual offender with at least one but less than four prior felonies pursuant to section 5-4-501(a), or that it was too vague to charge him as a habitual offender at all. On June 27, 2022, the circuit court entered an order denying Hogan's petition. Hogan filed a timely appeal.

A writ of habeas corpus is proper when a judgment and commitment order is invalid on its face or when a trial court lacked jurisdiction over the cause. *Fuller/Akbar v. Payne*, 2021

---

[2]The record also contains a habeas petition that Hogan filed in the Little River County Circuit Court, although in his brief he states his belief that the petition is not within the jurisdiction of that court because he is incarcerated in Hot Spring County and not Little River County.

Ark. 155, 628 S.W.3d 366. Jurisdiction is the power of the court to hear and determine the subject matter in controversy. *Osborn v. Payne*, 2021 Ark. 94, 622 S.W.3d 152. When the trial court has personal jurisdiction over the appellant and also has jurisdiction over the subject matter, the court has authority to render the judgment. *Id.*

A petitioner who does not allege his or her actual innocence and proceed under Act 1780 of 2001 must plead either the facial invalidity of the judgment or the lack of jurisdiction by the trial court and make a showing, by affidavit or other evidence, of probable cause to believe that he or she is being illegally detained. Ark. Code Ann. § 16-112-103(a)(1) (Repl. 2016); *Fuller/Akbar*, 2021 Ark. 155, 628 S.W.3d 366. Proceedings for the writ are not intended to require an extensive review of the record of the trial proceedings, and the circuit court's inquiry into the validity of the judgment is limited to the face of the commitment order. *Jones v. Payne*, 2021 Ark. 37, 618 S.W.3d 132. Unless the petitioner can show that the trial court lacked jurisdiction or that the commitment order was invalid on its face, there is no basis for a finding that a writ of habeas corpus should issue. *Id.*

A circuit court's decision on a petition for writ of habeas corpus will be upheld unless it is clearly erroneous. *Owens v. Payne*, 2020 Ark. 413, 612 S.W.3d 169. A decision is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been made. *Morgan v. Payne*, 2020 Ark. 239, 602 S.W.3d 736.

With these authorities in mind, we turn to Hogan's appeal. Hogan does not challenge the trial court's jurisdiction to hear and determine the criminal charges against him. Instead, he first argues that the State's reference to a sentencing range of "ten to 60 to life" on the day of trial means that he must have been charged as a habitual offender under section 5-4-501(a), which does not authorize a 125-year sentence. Hogan insists that his sentence is therefore illegal because the trial court lacked the authority to impose it. An argument that Hogan was convicted of an offense for which he was never charged would, if established, be grounds for the writ. *Anderson v. Kelley*, 2019 Ark. 6, 564 S.W.3d 516.

Hogan's argument requires us to consider the specific language of two subsections of Arkansas Code Annotated section 5-4-501, which governs sentencing for habitual offenders. Subsection (a) applies to defendants who have previously been convicted of at least one, but less than four, prior felonies. In Hogan's case, it would provide for a sentencing range of "not less than ten (10) years nor more than sixty (60) years, or life" in prison. Ark. Code Ann. § 5-4-501(a)(1), (2)(A). Subsection (b) applies to defendants who have previously been convicted of four or more prior felonies. Under this subsection, Hogan was eligible for a sentence of "not less than ten (10) years nor more than life" imprisonment. Ark. Code Ann. § 5-4-501(b)(1), (2)(A).

Although Hogan argues that his sentence is illegal because he was actually charged under subsection (a), he has not established probable cause that the writ should issue. Regardless of the State's comments regarding the sentencing range, it stated that Hogan

should be sentenced as a habitual offender because he had four or more prior felony offenses. This clearly referenced section 5-4-501(b). The State's use of the term "big habitual" also indicates a reference to section 5-4-501(b). *See Trammel v. Payne*, 2022 Ark. 76 (noting that a "small habitual" offender is subject to sentencing under section 5-4-501(a)).[3] Hogan has presented no convincing proof that the information in this case was defective such that the trial court was deprived of jurisdiction to enter the judgment. *See Johnson v. Payne*, 2021 Ark. 145.

Because Hogan was charged as a habitual offender pursuant to section 5-4-501(b), the court was vested with the authority to impose a sentence consistent with that subsection. Here, the amended sentencing order indicates that Hogan was sentenced as a habitual offender pursuant to section 5-4-501(b). That subsection provides for a sentence of between ten years and life imprisonment. Hogan's sentence of 125 years' imprisonment is more than ten years and less than life. Therefore, Hogan's sentence fell within the sentencing range authorized by section 5-4-501(b) and is not illegal on its face.

Hogan's second argument is that if the State was not referencing section 5-4-501(a), its amendment was too vague to amend the information at all. To the extent that Hogan argues his due-process rights were violated because the State's amendment was too vague, we note that trial error and due-process claims do not implicate the facial validity of the

---

[3]Notably, a sentencing range of "ten to 60 to life," is not inconsistent with the ten years to life sentencing range authorized pursuant to subsection (b).

judgment or the jurisdiction of the trial court. *Philyaw v. Kelley*, 2015 Ark. 465, 477 S.W.3d 503. If there are errors at trial, those errors could, and should, have been raised at trial on the record and on direct appeal. *Noble v. State*, 2019 Ark. 284, 585 S.W.3d 671. Thus, they are not within the purview of the remedy because the writ of habeas corpus will not be issued to correct errors or irregularities that occurred at trial. *Id.*

In sum, Hogan was charged as a habitual offender pursuant to section 5-4-501(b). Therefore, the trial court had authority to sentence him under that subsection, and his 125-year sentence is within the range authorized. Hogan's due-process and trial-error arguments do not implicate the facial validity of the judgment or the jurisdiction of the trial court, and the circuit court did not clearly err in rejecting his petition.

Affirmed.

*Jeremy B. Lowrey*, for appellant.

*Tim Griffin*, Att'y Gen., by: *Christian Harris*, Sr. Ass't Att'y Gen., for appellee.